*Morgan v. Hyatt et al.*

———◆———

## Morgan *v.* Hyatt et al.

PRACTICE.—*New Trial.—Refusing Continuance.—Amendment.—Supreme Court.*—Error in allowing an amendment of the complaint during trial, and in overruling a motion for a continuance on that account, must, to be available on appeal to the Supreme Court, be made ground of a motion for a new trial.

WITNESS.—*Mortgage.—Promissory Note.—Action by Assignee.—Wife of Assignor.*—The wife of an assignor of a promissory note is a competent witness on behalf of the plaintiff, in an action by the assignee, against the maker, on such note, and for foreclosure of a mortgage given to secure the same, where no question is made as to the assignment.

From the Daviess Circuit Court.

*J. Baker*, for appellant.

*W. J. Mason* and *W. D. Bynum*, for appellees.

BIDDLE, J.—Complaint by the appellees, on two promis-

sory notes, alleged to have been made by the appellant, payable to William E. Dant, assigned by Dant to Henry Schooley, and by Schooley to the appellees. The notes were secured by a mortgage on real estate. Prayer for judgment on the notes, and foreclosure of the mortgage.

Answer, trial by the court, finding and judgment for appellees.

In his motion for a new trial, the appellant assigned two causes :

1. That the decision is not sustained by the evidence, and is contrary to law ;

2. Admitting the testimony of Nancy Dant, wife of the assignor of the notes and mortgage.

During the trial, after the jury were sworn and evidence had been introduced, the court allowed the appellees to amend the complaint, whereupon the appellant moved for a continuance, which was denied. The appellant excepted, and in this court vigorously attacks these rulings; but he did not assign either of them as a cause for a new trial; they are, therefore, not before us. If the amendment had been made before trial, it would have been clearly proper.

Nancy Dant, the wife of the assignor, was properly admitted to testify. Neither she nor her husband was a pa.ty to the suit, nor was his assignment put in issue, nor did she testify to anything relative to the assignment. The case of *Stanley* v. *Stanton*, 36 Ind. 445, is in point, and the following authorities support the same principle : *Gee* v. *Lewis*, 20 Ind. 149 ; *Palmer* v. *Henderson*, 20 Ind. 297 ; *Meni* v. *Rathbone*, 21 Ind. 454 ; *Bennifield* v. *Hypres*, 38 Ind. 498 ; *Woodward* v. *Lindley*, 43 Ind. 333 ; *McConnell* v. *Martin*, 52 Ind. 434 ; *Sutherland* v. *Hankins*, 56 Ind. 343.

There is no absent link in the chain of evidence, and it is sufficiently strong to sustain the finding ; nor is the find-

ing against the law; indeed, these are points virtually waived by the appellant in his brief.

The judgment is affirmed, at the appellant's costs.