McGee v. The State, ex rel. Axtell.

Filed Oct. 30, 1885.

---

No. 12,124.

## McGee v. The State, ex rel. Axtell.

OFFICE AND OFFICER.—*Mandate to Compel Predecessor to Surrender Records.* —*Eligibility.*—*Pleading.*—Mandamus is the proper remedy to compel a retiring officer to turn over to his successor the records and furniture pertaining to the office, and it is not necessary to allege in the application that such successor is eligible to the office, as is the case in *quo warranto* to try title.

SAME.—*Resignation.*—*Acceptance.*—*Title to Office.*—Where, without notice of the withdrawal of a resignation previously made, the time arrives for it to take effect, and a successor to the incumbent is duly appointed, no formal acceptance of such resignation is necessary to deprive such incumbent of title to the office.

SAME.—*Regularity of Appointment.*—*Refusal to Surrender Records.*—One can not contest the regularity of the appointment of a successor, who has become invested with an apparent title, by refusing to surrender the records of the office.

SAME.—*County Superintendent.*—*Appointment of.*—Without regard to whether the votes of a majority of all the school trustees are necessary to the valid appointment of a county superintendent of schools, where such trustees recognize the appointment as valid and the appointee qualifies

and enters upon the duties of the office with the acquiescence of all others, the latter may compel his predecessor by mandamus to deliver to him the records of the office.

SUPREME COURT.—*Harmless Error.—Practice.*—A harmless error is not available for the reversal of the judgment.

From the Monroe Circuit Court.

*J. R. East* and *W. H. East,* for appellant.

*H. C. Duncan,* for appellee.

MITCHELL, C. J.—Axtell applied to the circuit court of Monroe county for a mandate to compel McGee to deliver to him the books, papers and furniture pertaining to the office of county superintendent of schools.

It was stated in the application that McGee had been duly elected to the office of county superintendent, in June, 1883, and that after continuing therein until November 21st, 1884, he tendered his resignation to take effect on the ensuing 26th day of November; that the school trustees, having been duly assembled on that day, appointed the relator to fill the unexpired term of McGee, and that he qualified and entered upon the discharge of the duties of the office.

He averred a demand upon his predecessor, and a refusal to deliver the books, papers and furniture pertaining to the office, and that his duties could not be performed efficiently without such records and furniture. The application was duly verified.

An alternative writ was ordered, and, on the day following, after filing a motion to quash the writ and a demurrer to the application, both of which the court overruled, the defendant filed an answer in three paragraphs. Waiving the points of practice, some of which we think are well taken by the appellee, we proceed to examine the case upon its merits.

It is contended by the appellant that because the application or petition did not allege that Axtell was a citizen of Monroe county, and otherwise eligible to the office of county superintendent, the demurrer to it should have been sustained.

The learned counsel liken this to a proceeding to try the

title to an office, and his attack upon the complaint, as also his defence, is predicated upon this theory.

This is radically and fundamentally wrong. Where one, claiming title to an office, institutes proceedings by information, in the nature of a *quo warranto*, to oust an incumbent and gain admission himself, he must aver and prove his eligibility. *State, ex rel.,* v. *Bieler,* 87 Ind. 320; *State, ex rel.,* v. *Kilroy,* 86 Ind. 118; *Weir* v. *State, ex rel.,* 96 Ind. 311.

' Proceedings in *quo warranto* may be resorted to, and are aptly designed for the purpose of trying title to, and, in cases of dispute, obtaining possession of an office, and because an adequate remedy is thus afforded, mandamus does not lie for the purpose of gaining possession or settling such title. High Ex. Leg. Rem., section 49, *et passim.*

The application in this case does not proceed upon the theory that there is an existing dispute about the title to or possession of the office. It avers that the appellant resigned, and that the appellee was duly appointed and qualified in his stead to fill his unexpired term, and that he entered upon the duties of the office. This presents no question of conflicting claims. The question presented relates to the refusal of the appellant to turn over the proper records to his successor, the demurrer in effect admitting that the appellee is his successor, and that the appellant's right is at an end. Admitting that he had resigned, and that the appellee was duly appointed as his successor, there was but one thing more required of the appellant, and that was, to turn over to him the records and furniture pertaining to the office. Failing to do this, mandamus was the appropriate remedy. *Johnson* v. *Smith,* 64 Ind. 275.

After the demurrer was overruled, the appellant answered by a general denial, and by two special answers. The first special answer admits the resignation, but says that at the ensuing meeting of the board of school trustees, a motion was made by one of the members of the board to accept the resignation, and upon such motion six of the twelve mem-

bers composing such board voted in favor of, and six against accepting it, and that thereupon the motion to accept was withdrawn. The answer concludes with an averment that the defendant " now withdraws his offer to resign said office." This answer, by failing to deny, admits that the appellee was duly appointed as his successor. The offer to the court to withdraw the resignation was ineffectual. The plaintiff's rights could not be defeated or in any wise affected in that manner. The time having arrived at which the resignation duly tendered was to take effect, no withdrawal having meanwhile occurred, and the school trustees having met and appointed a successor, no formal acceptance of the appellant's resignation was necessary.

By the appointment of a successor, the school trustees recognized the fact that a vacancy had occurred. *State, ex rel.,* v. *Hauss,* 43 Ind. 105 (13 Am. R. 384).

The right of the appellant was at an end when the school trustees proceeded, without notice of a withdrawal of the resignation, to treat the office as vacant.

The next special answer assails the regularity of the appellee's appointment. This answer, by failing to deny, also admits that at the time the alleged appointment was made, the appellant had resigned. The appellant having resigned, and the appellee having been appointed and qualified, and having become thereby invested with an apparent title to the office, it was not competent for the appellant to contest the regularity of his appointment by refusing to surrender the records. *Huntington* v. *Smith,* 25 Ind. 486.

His right to control the records and furniture was at an end when his resignation became effectual, and this took place when his successor was appointed by the body in which the appointing power was lodged. When it was certified by the proper authority that this body had appointed the appellee, and that in pursuance of such appointment he had qualified, there remained nothing more for the appellant to do except

to surrender the muniments of the office. *Parmater* v. *State, ex rel.,* 102 Ind. 90.

This being so, we need not decide whether it was requisite to a valid appointment that the appellee should have received the votes of a majority of all the school trustees, or whether the votes of a plurality constituted a valid appointment. His appointment having been declared and certified to him, and the appointing body having recognized it as valid, and having qualified and entered upon the discharge of the duties of the office, with the acquiescence of all others, he had a right to compel, by the authority invoked, the delivery to him of the records.

There was no error in sustaining the demurrer and exceptions, as they are denominated in this record, to the special answers.

The record shows that the exceptions to the answers embraced, with the others, the general denial. The exception to it was sustained with the others.

These exceptions were made to the answers because, it was averred, they did not state facts sufficient to constitute a return to the alternative writ.

The objection which was specifically alleged against the general denial was, that it was not verified.

Demurrers were also filed to the special answers, and their sufficiency was thus brought in question, as well as by the exceptions filed. The ground of demurrer assigned was, that neither of them stated facts sufficient to constitute a defence to the complaint.

It is apparent that the answers were, therefore, treated in the double capacity of a return to the writ and as answers to the complaint, treating the application for the writ as the complaint. Thus treated, the general denial not verified was held insufficient as a return to the writ, and sufficient as an answer to the complaint.

We are aware of no precedent, nor has our attention been called to any, which justifies the practice pursued in this case.

The court seems to have regarded the answers as remaining in the record as answers to the complaint, notwithstanding the exceptions which had been taken and sustained to them as a return to the writ.

After sustaining the exceptions to the whole answer as a return to the writ, including that taken to the general denial, the court then sustained a demurrer to the special answers, on the ground that they were not sufficient to constitute a defence to the complaint. This left the general denial apparently in the record as an answer to the complaint. Notwithstanding this, the record then recites that, for want of an answer and return to the writ, the court ordered a peremptory writ to issue, and gave judgment accordingly.

Assuming that the general denial remained as an answer to the complaint, this was error, but no exception was reserved to the action of the court at this point, nor was there any motion to submit the case for trial on the issue thus made. If it is assumed that the court committed error in sustaining an exception to the general denial as a return to the writ, it was at the most a harmless error if it remained as an answer to the complaint, and while we do not approve of the apparently anomalous practice which was pursued, as substantially a right result was reached, we can not for that reason reverse the case.

Judgment affirmed, with costs.

