Filed June 15, 1888.

---

No. 14,163.

MANNIX v. THE STATE, EX REL. MITCHELL.

OFFICE AND OFFICER.—*Mandamus.*—Mandamus is not available to settle the title to an office as between adverse claimants; but where a person holds a *prima facie* and uncontested title to the office, or where his title has been adjudicated and finally established by a competent tribunal, a writ of mandate may be issued to put him in possession.

SAME.—*Judgment Rendered upon Unlawful Agreement.*— *Validity of.*—Where a judgment, fair and regular upon its face, has been entered by agreement of the parties adversely claiming an office, such judgment is binding until reversed upon appeal or set aside by a direct proceeding, although

the agreement upon which it was entered may have been corrupt and unlawful.

PRACTICE.—*Continuance.*—*Change of Venue.*—*Causes for New Trial.*—The erroneous refusal to grant a continuance or to remand the cause to the court from which an irregular change of venue has been taken, are causes for a new trial, and are only available when assigned as such; but where final judgment has been entered on the pleadings, without a trial, such errors are immaterial.

SAME.—*Appearance.*— *Waiver.*—A party who appears in the court to which the venue of a cause has been changed and moves for a continuance, thereby waives his right to thereafter move that the cause be remanded on account of irregularities in taking the change.

From the Henry Circuit Court.

*D. Turpie* and *W. F. McBane,* for appellant.

*W. R. Hough, C. G. Offutt, J. H. Mellett* and *L. H. Reynolds,* for appellee.

NIBLACK, C. J.—The judgment appealed from in this cause was based upon a complaint filed in the Hancock Circuit Court by the State, on the relation of James L. Mitchell, against James Mannix, to obtain possession of the office of auditor of Hancock county.

The complaint stated that, at the general election held in this State on the 2d day of November, 1886, for the election of State and county officers, the relator and the said Mannix, and one Baker, were candidates, and the only candidates for whom votes were cast for the office of auditor of Hancock county; that the relator received the highest number of votes cast for that office at that election; that, afterwards, on the 4th day of the same month, the board of canvassers, appointed to canvass the returns of that election, met at the court-house of said county of Hancock, and, after having examined such returns and estimated the votes which had been cast, declared the relator to have been elected to said office of auditor; that Mannix, not being satisfied with the result, as declared by the board of canvassers, proceeded to contest the election before the board of commissioners of said county of Hancock; that said board made a finding that

Mannix v. The State, ex rel. Mitchell.

Mannix had been duly elected auditor of said county and entered judgment accordingly; that the relator appealed from that finding and judgment to the Hancock Circuit Court where such proceedings were thereafter had as resulted in a judgment declaring that he, the relator, had received the highest number of legal votes cast at such contested election for the office of auditor, and that he had, in consequence, been duly elected to that office for the term of four years from the 2d day of November, 1887; also, directing the clerk of that court to issue to the relator a certificate of his election in accordance with such declaration, which was done as directed; that, afterwards, the relator was duly commissioned by the Governor to serve as such auditor for the term of four years from said 2d day of November, 1887; that, on the day last named, the relator executed his official bond and took the required oath of office; that the said Mannix had been auditor of said county of Hancock for the immediately preceding term of four years, and still continued to be in the possession of the office; that, on the 3d day of November, 1887, the relator entered said office and demanded of Mannix the possession of the office, and of the books, papers and other property pertaining to the same, but that he, Mannix, refused to surrender the possession of the office, or of anything connected therewith. Wherefore, an alternative writ of mandate requiring Mannix to surrender the possession of said office of auditor to the relator, or to show cause why he should not do so, was demanded. An alternative writ of mandate was accordingly issued.

Mannix demurred to the alternative writ of mandate upon the ground that upon the facts stated the relator was not entitled to the relief demanded, but his demurrer was overruled.

Mannix, then, by way of a return to the writ, answered:

*First.* In general denial.

*Secondly.* That at the general election held in this State for the year 1882 he was elected to the office of auditor of

Hancock county for the term of four years, commencing on
the 3d day of November, 1883 ; .that, after having duly qual-
ified, he, on that day, entered into the possession and upon
the duties of that office ; that he was still in the possession
and in the lawful discharge of the duties of the office ; that,
after the board of commissioners of Hancock county had
decided that he had been re-elected to the office at the general
election in 1886, and the matter of the contest of such elec-
tion had been appealed to the Hancock Circuit Court, a pre-
tended, and false, fictitious and fraudulent judgment, as if by
agreement, was entered in said circuit court without any trial,
and without the decision of any issue either of law or fact
formed between the parties ; that it was on that simulated
judgment that the pretended certificate of election by the
clerk, and the commission from the governor, were issued as
claimed in the alternative writ, and upon which the relator
based his claim to the office in question ; that the so-called
judgment upon which the relator's claim to the office is
founded was procured by the fraud of the relator, and is
wholly void by reason of fraud in the procurement and in
the rendition thereof ; that, on or about the 18th day of June,
1887, and while the appeal involving the contest for the of-
fice was pending in the Hancock Circuit Court, the relator
and his attorneys entered into a negotiation with him, the
said Mannix, and his attorneys, concerning such contest ; that
it was finally agreed between the parties that the relator
should pay to him, the said Mannix, the sum of $1,250, in
consideration of which the latter's right to the office in con-
test, including the right to hold the same, to discharge its
duties and to receive the emoluments thereof, should be trans-
ferred to, and recognized as existing in, the relator ; that the
relator thereupon paid to him, the said Mannix, the said sum
of $1,250, after which the judgment declaring the relator to
have been duly elected as above stated, being the same judg-
ment described in the alternative writ of mandate, was en-
tered as if by agreement of parties ; that such judgment was,

therefore, procured to be entered by the relator in pursuance of such fraudulent agreement, and by the payment of the sum of money named, and for no other reason; that said agreement for the sale and transfer of said office of county auditor was not only against public policy, but was also corrupt, fraudulent and void as between the parties thereto, as well as to all other persons, and that hence he, the said Mannix, was not bound or concluded by the judgment rendered thereon, nor was the relator thereby lawfully adjudged to be entitled to hold said office.

A demurrer was sustained to this second paragraph of answer, and the venue of the cause was then changed to the Henry Circuit Court.

A transcript of the proceedings above set forth was filed in the office of the clerk of the Henry Circuit Court on the 12th day of November, 1887, and the November term, 1887, of that court began on the 21st day of that month. On the second day of the term the cause was set down for trial before the judge of another circuit, specially called to try it, on the thirteenth judicial day of the same term. On the day last named Mannix entered a special appearance, and moved for a continuance of the cause upon the ground that the transcript had not been filed in that court ten days before the term began, but his motion was overruled. He then, continuing his special appearance, moved for an order remanding the cause to the Hancock Circuit Court. This motion was supported by his affidavit, alleging that the cause was ordered to be sent to Henry county over his objection; that, in consequence, he had abandoned his application for a change of the venue of the cause, and did not either pay, or promise to pay, the costs which would have been required to perfect the change, and never ordered the clerk of the Hancock Circuit Court either to make out a transcript of the proceedings in that court or to transmit the papers in the cause to Henry county. This motion was likewise overruled.

Mannix then withdrew the first paragraph of his answer

to the alternative writ of mandate, and, declining to answer further, it was ordered that a peremptory writ of mandate should be issued to him, commanding him forthwith to surrender to the relator the possession of the office of auditor of Hancock county, and all the books, papers and other property pertaining to that office.

The objection made to the sufficiency of the writ of mandate is founded upon the claim that, upon the facts recited by it, the real object in procuring it to be issued was to try the title of the relator, Mitchell, to the office of auditor of Hancock county, and that a writ of mandate can not be either granted or sustained for such a purpose. It is true that such a writ can not be rightfully invoked to settle a doubtful claim to an office, or to have the title to an office adjudicated upon, as between adverse claimants. In such a case an information in the nature of a *quo warranto* affords the proper remedy. But where the relator holds a *prima facie* and uncontested title to the office, or his title has been adjudicated upon and finally established by a competent tribunal, a writ of mandate may be issued to put him in possession of the office, as well as of the books, papers and other property pertaining to it. On this subject see High Extr. Legal Rem., section 73, *et seq.;* Wood Mandamus, 17; *McGee* v. *State, ex rel.,* 103 Ind. 444.

As has been shown, the alternative writ, as well as the complaint upon which it was issued, averred that Mitchell's title to the office of auditor had been passed upon and established by the Hancock Circuit Court, and that Mannix had nevertheless refused to recognize the validity of his title, and had continued in the adverse possession of the office. This was sufficient to entitle Mitchell to a writ of mandate to obtain possession of the office.

In the absence of an affirmative showing to the contrary, the presumption is, that whatever a court has done in a proceeding, of which it had jurisdiction, has been correctly done. The reasonable inference from the allegations of the

second paragraph of the answer, therefore, is, that the judgment of the Hancock Circuit Court, complained of, was regular upon its face, and that it had been, as it purported to have been, entered by agreement of parties. Such a judgment is binding upon the parties to it until reversed upon an appeal, or until annulled or set aside by some direct proceeding instituted for that purpose. It is impervious to a collateral attack from a party to it, however corrupt or unlawful the agreement may have been which led to its rendition. Freeman Judgments, section 334; *Earle* v. *Earle*, 91 Ind. 27; *Smith* v. *Hess*, 91 Ind. 424; *Reid* v. *Mitchell*, 93 Ind. 469.

It is, as contended, a well established rule of law that the courts will not aid in the enforcement of a corrupt or unlawful contract, but will permit the parties to remain in the relative positions in which they have placed themselves. But that rule has no application to a judgment which, by inadvertence or collusion, may have been rendered upon such a contract. Such a judgment, as regards a collateral attack upon it, stands upon the same footing with other judgments rendered in the usual course of legal proceedings, and is as binding upon the parties as any other judgment so long as it remains unreversed or not vacated by some direct proceeding. There was, consequently, no error in holding the second paragraph of the answer to have been insufficient upon demurrer.

Under section 559, R. S. 1881, irregularity in the proceedings of the court by which a party was prevented from having a fair trial, affords a cause for a new trial. The erroneous refusal of a court to grant a continuance, and a similar refusal to order a change of venue in a cause, are both deemed to be irregularities in the proceedings of a court within the meaning of that provision of the statute, and upon an appeal from a final judgment such irregularities can only be made available when they have been assigned as causes for a new trial. Buskirk Practice, 224; *Westerfield*

v. *Spencer*, 61 Ind. 339; *Morgan* v. *Hyatt*, 62 Ind. 560; *Walker* v. *Heller*, 73 Ind. 46.

Upon an appeal from a merely interlocutory order a different rule will sometimes be applied, but a case of that kind constitutes a rare exception to the general rule announced as above. *Shoemaker* v. *Smith*, 74 Ind. 71.

The improper refusal to remand a cause to the court whence it came, on account of some irregularity in the manner in which the venue was assumed to be changed, must, in ordinary cases and for a similar reason, be treated as affording only a good cause for a new trial.

In the case before us there was no trial, and hence no opportunity of assigning causes for a new trial. Moreover, as final judgment was rendered on the pleadings only, it is quite immaterial to the merits of this appeal whether a continuance of the anticipated trial of the cause was wrongfully denied or whether there were some irregularities in the mere manner in which the venue was seemingly changed. Besides, the motion to remand the cause to the Hancock Circuit Court came too late. To have made it effective, in any event, it should have been made on Mannix's first appearance in the Henry Circuit Court. His previous motion for a continuance carried with it the implication that the cause was properly within the jurisdiction of the latter court, and amounted to a waiver of all mere irregularities in the manner in which the transcript had reached that court.

The judgment is affirmed, with costs.

Filed June 19, 1888.