The State, *ex rel.* Taylor, *v.* The Board of Commissioners of Warrick Co.

Filed June 18, 1890; petition for a rehearing overruled Sept. 17, 1890.

<hr>

## No. 15,477.

## THE STATE, EX REL. TAYLOR, *v.* THE BOARD OF COMMISSIONERS OF WARRICK COUNTY.

COUNTY SUPERINTENDENT.—*Special Bond.*—*Refusal of County Commissioners to Accept.*—*Mandamus.*—*Title.*—*Collateral Attack.*—In an action brought by a county superintendent duly elected, qualified, and in possession of the office, to compel by mandate the approval of the special bond required by the school book law, an answer alleging that the superintendent was elected by means of a corrupt agreement entered into between the county auditor and such superintendent is bad. The title of a superintendent, duly elected and qualified, can be attacked only in a direct proceeding, and not by collateral means.

From the Warrick Circuit Court.

*D. B. Kumler, J. A. Hemenway* and *J. L. Taylor*, for appellant.

*A. Gilchrist* and *C. A. DeBruler*, for appellee.

COFFEY, J.—The relator was duly elected county superintendent of schools in Warrick county, by the trustees of said county, on the 3d day of June, 1889. He immediately filed his bond, to the approval of the county auditor, took the oath of office, and entered upon the discharge of the duties of his office as such superintendent.

The appellant did not file the bond required by the statute, known as the school-book law, acting under the belief that it was not necessary to file such bond until after the Governor of the State should issue his proclamation as provided

for in section 10 of said law. The Governor issued his proclamation on the 29th day of July, 1889, and the 9th day of August following the relator tendered to the board of commissioners of Warrick county a good and sufficient bond under the terms of said law, and demanded its approval, which was refused.

This suit was brought to compel, by mandate, the approval of said bond.

The board of commissioners answered, in substance, that prior to his election as county superintendent the relator was trustee of one of the townships in Warrick county; that at said time the county had ten trustees, five of whom were of one political faith, and five of another political faith; that the relator belonged to one political party, and the auditor of said county to another; that the relator and said auditor entered into a corrupt agreement, by the terms of which the relator was to resign his said office of trustee and the said auditor was to appoint a trustee as his successor of the same political faith as said auditor; and that, in consideration of his resigning his said office of trustee, it was agreed that the relator should be elected by the trustees of said county, superintendent of the schools of said county; that pursuant to the terms of said corrupt agreement the relator did resign his said office of trustee, said auditor did appoint his successor, and the relator was elected by the trustees of the several townships of said county superintendent of the schools thereof; that the relator was elected by means of said corrupt agreement, and without it he could not have been elected.

Upon issues formed the cause was tried by the court, resulting in a finding and judgment for the appellees, over a motion for a new trial.

We are not favored with a brief by the appellees, and are not advised of the ground upon which the court based its judgment; but, in our opinion, the court erred in overruling the appellant's motion for a new trial.

In all of its essential features, this case is like the case of *Board, etc.,* v. *Johnson, ante,* p. 145, except in the matter of defence set up by the appellees. The appellant, at the time he tendered his special bond to the board of commissioners of Warrick county, had been duly elected, qualified and was acting as county superintendent of schools, was in the possession of the office and was discharging the duties pertaining thereto. Such being the case, the appellees could not attack his title in the collateral manner attempted by their answer. The public have an interest in the discharge of the duties of the office, and until such time as the appellee shall be ousted by a proper proceeding for that purpose, every one must recognize him as the legally elected and qualified county superintendent. *Leach* v. *Cassidy,* 23 Ind. 449; *State, ex rel.,* v. *Jones,* 19 Ind. 356; *Redden* v. *Town of Covington,* 29 Ind. 118; *Gumberts* v. *Adams Express Co.,* 28 Ind. 181; *Creighton* v. *Piper;* 14 Ind. 182; *Kisler* v. *Cameron,* 39 Ind. 488; *McGee* v. *State, ex rel.,* 103 Ind. 444; *Parmater* v. *State, ex rel.,* 102 Ind. 90; *Mannix* v. *State, ex rel.,* 115 Ind. 245.

The certificate of election issued to the appellant, and his qualification as county superintendent, bar all inquiry into his right to hold the office, except in a direct proceeding for that purpose. *Parmater* v. *State, ex rel., supra.*

It is not denied that the appellant was elected county superintendent by the votes of a majority of the trustees of Warrick county, and that he duly qualified and entered upon the discharge of the duties of his office. No one is contesting his election, and no proceeding is pending to oust him. It is settled by the case of *Board, etc.,* v. *Johnson, supra,* that he was entitled to have the bond in question approved at the time it was tendered. The appellees could not go behind his election and inquire into his title to the office. It was their duty to approve his bond. Having refused to do so, mandate is the proper remedy to compel them to per-

form that duty. *Gulick* v. *New*, 14 Ind. 93; *McGee* v. *State, ex rel., supra; Board, etc.*, v. *State, ex rel.*, 61 Ind. 379.

The circuit court erred in overruling the motion for a new trial.

Judgment reversed, with directions to the circuit court to grant a new trial.

Filed June 24, 1890; petition for a rehearing overruled Sept. 17, 1890.