## COUCH ET AL. *v.* STATE, EX REL. BROWN.

[No. 20,963. Filed November 7, 1907.]

1. MANDAMUS.—*Another Adequate Legal Remedy.*—Mandamus does not lie where the relator has another adequate legal remedy. p. 271.

2. SAME.—*Office.*—*Title.*—*Contest.*—Mandamus does not lie to try the legal title to an office. p. 272.

3. SAME.—*Office.*—*Possession.*—Mandamus lies on behalf of a person having a *prima facie* right to an office, to obtain the possession thereof. p. 272.

4. OFFICERS.—*Successors.*—*Contests.*—It is the duty of an officer to yield possession of his office to a person having the *prima facie* right thereto; and if such officer then desires to contest the title to the office he must proceed in the manner prescribed for contesting claims thereto. p. 272.

5. MANDAMUS. —*Parties.*—*Town Trustees.*—Where a person holds a *prima facie* right to the office of town trustee, and the incumbent, with the assistance of other trustees, refuses to deliver the possession of the office upon demand, the trustees so assisting are proper parties defendant with the incumbent in an action in mandamus for the possession of such office. p. 273.

6. SAME.—*Parties.*—*Personal or Official Capacities.*—*Town Trustees.*—The incumbent and other town trustees joining to prevent

the town trustee-elect's induction into office are liable personally to an action in mandamus for the possession of such office. p. 273.

7. PLEADING.—*Striking Out Part of Answer.*—*Proving Facts Under Another.*—The striking out of a part of a paragraph of answer is harmless, where the facts therein alleged were proved under another paragraph. p. 274.

8. MANDAMUS. — *Town Trustees.* — *Ineligibility.* — *Removal from Ward.*—Whether the removal from his ward of a town trustee-elect after demand for his office and before trial disqualifies him from holding the office cannot be tried in his action in mandamus for the possession of such office. p. 274.

From Jefferson Circuit Court; *Hiram Francisco,* Judge.

Action by the State of Indiana, on the relation of William Brown, against John G. Couch and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*W. T. Friedley* and *George B. Hall,* for appellants.

MONTGOMERY, J.—An alternative writ of mandate was issued by the Switzerland Circuit Court upon the application of relator, requiring appellants and others to show cause why they should not surrender to him possession of the office of trustee of the fifth ward of the town of Patriot. Appellants' motions to quash the writ, and demurrers thereto, were overruled, issues of fact were joined, and the cause transferred to the court below. A trial by the court was had, with special findings and conclusions of law, and judgment rendered thereon in favor of the relator.

Errors have been assigned upon the overruling of appellants' motion to quash the writ and the demurrer thereto, and upon the several conclusions of law stated.

It appears, from the allegations of the alternative writ, that on November 7, 1905, a general election of municipal officers was held in the town of Patriot, and relator and appellant Rush Platt were opposing and the only candidates for the office of trustee of the fifth ward of said town. Relator was a resident of the ward and in all respects—particularly averred—legally qualified to hold said office. He received the highest number of votes, and was by the elec-

tion board duly declared elected as such trustee for the term beginning on the first Monday of May, 1906, and ending on the first Monday of January, 1910. A certificate of his election was signed and issued to him by the election board, and on November 10, 1905, he subscribed and took the oath of office, which oath was written upon the back of such certificate. On the first Monday of May, 1906, the board of trustees of said town was convened according to law, and comprised the following members: John G. Couch, Frank McHuron, Harvey Elliott, Henry Schroeder and the relator, and while so convened relator presented his certificate of election and official oath to Rosman I. White, the town clerk of said town, and requested that the same be filed, and to the members of said board, and demanded possession of said office, but Couch and Schroeder together with appellant Rush Platt, who was then and there present, and who had been trustee from said ward for the term immediately preceding, over the votes and protests of Elliott and McHuron, refused to permit relator to take said office or to participate in the proceedings of the board, and said clerk refused to receive and file such election certificate and oath, and said Platt continued in possession of said office, and refused to surrender the same or anything connected therewith.

It is contended that the motion to quash the alternative writ and the demurrer thereto should have been sustained, for the reason that the relator had a complete remedy at law. The doctrine that a writ of mandate is not proper and will not be granted, where the applicant has another adequate remedy, has been frequently declared by this court. State, ex rel., v. Real Estate, etc., Assn. (1898), 151 Ind. 502; Wampler v. State, ex rel. (1897), 148 Ind. 557, 38 L. R. A. 829; State, ex rel., v. Board, etc. (1891), 131 Ind. 90; Harrison School Tp. v. McGregor (1884), 96 Ind. 185; State, ex rel., v. Board, etc. (1865), 25 Ind. 210; Board, etc., v. Hicks (1851), 2 Ind. *527.

Appellants' application of this principle to the case at bar proceeds upon the assumption that this is an action to try the title to an office. This assumption is erroneous, and it must be observed and borne in mind that no adversary claims to the right of possession or title to the office named appears from the complaint. The complaint proceeds upon the theory that relator was duly elected, commissioned and qualified as trustee from the fifth ward, and that appellants arbitrarily refused to receive and honor his certificate of election or admit him to membership upon the board of trustees. It is clearly shown that relator was clothed with a *prima facie* title to the office, and the right to enjoy the privileges and exercise the functions thereof. It is true that a writ of mandamus cannot be rightfully invoked to settle a doubtful claim to an office, or to have the title thereto adjudicated as between adverse claimants, and in such case an information in the nature of *quo warranto* affords the proper remedy. *Hoy* v. *State, ex rel.* (1907), 168 Ind. 506. But where the relator is shown to hold a *prima facie* and uncontested title to an office, a writ of mandate may be issued to put him in possession of the office. *City of Madison* v. *Korbly* (1869), 32 Ind. 74; *McGee* v. *State, ex rel.* (1885), 103 Ind. 444; *Mannix* v. *State, ex rel.* (1888), 115 Ind. 245; *Swindell* v. *State, ex rel.* (1895), 143 Ind. 153, 35 L. R. A. 50; *State, ex rel.,* v. *City of Noblesville* (1901), 157 Ind. 31.

It is the duty of an incumbent of a public office at the expiration of his term, when a certificate of election has been issued to another who has qualified thereunder, to surrender the office to his successor; and, should he then desire to contest the eligibility, election or qualification of the person so holding the certificate, he may do so by proceeding in the manner prescribed by the law for determining contested claims to office. *State, ex rel.,* v. *Johnson* (1892), 30 Fla. 433, 11 South. 845, 18 L. R. A. 410;

*Stevens* v. *Carter* (1895), 27 Ore. 553, 40 Pac. 1074, 31 L. R. A. 342; *State, ex rel.*, v. *Archibald* (1896), 5 N. Dak. 359, 383, 66 N. W. 234, 244; *Cruse* v. *State, ex rel.* (1897), 52 Neb. 831, 832, 73 N. W. 212.

The alternative writ required appellants to surrender to the relator the possession of the office to which his certificate of election entitled him. It is argued that the writ was too broad, and that Schroeder and Couch did not hold possession, nor have control, of the office. The charge is that Rush Platt was in attendance upon this meeting of the board of trustees, and occupying the position to which relator was entitled, and that they coöperated with him in withholding from relator the privilege of exercising the functions of his office. The power was certainly lodged in them to give efficacy to his official credentials and to admit him to membership in their body, and in our opinion they were properly joined with appellant Platt in this proceeding.

Counsel next assert that the proceeding is against appellants in their individual capacity, and contend that it should have been brought against the municipal corporation, or the president and board of trustees of the town. We cannot concur in this claim. The complaint alleges the official relation of appellants to the town and to the office in question, and, as we have already seen, appellants were proper parties defendant. In order to enable the court to enforce its mandate, or administer the proper penalty for disobedience, it is necessary that the officials derelict in the performance of duty should be proceeded against personally. *State, ex rel.*, v. *Real Estate, etc., Assn., supra.* No complaint was made in the demurrer or motion to quash of the nonjoinder of any other party. It follows that there was no error in overruling the motion to quash and the demurrers to the writ.

The assignment that the court erred in striking out part

of the second paragraph of appellants' answer has been expressly waived, since the court heard evidence upon the facts therein alleged, under the answer of general denial.

It appears from the special finding of facts that on March 17, 1906, relator with his family removed from the fifth ward to another ward of the town of Patriot, where he continued to reside until the trial of the cause.

This fact formed the substantive allegation of the second paragraph of answer, and is the basis of the controversy between the parties. It is manifest that the questions, whether Platt's term ceased upon the first Monday of January, 1906, upon the election and qualification of his successor, or continued until May 7 when the office was demanded, and whether the relator forfeited his office, *ipso facto,* by his removal from the ward, or furnished ground upon which the board of trustees might properly declare a vacancy, cannot be decided in this proceeding. The cases cited above clearly settle the proposition that a disputed title and right of possession to an office cannot be adjudicated in a proceeding of mandamus, and such an issue cannot be presented in an affirmative paragraph of answer. The supreme court of South Dakota in *State, ex rel.*, v. *Kipp* (1898), 10 S. Dak. 495, 498, 74 N. W. 440, has aptly stated the principle as follows: "The only question to be tried in such a proceeding is the *prima facie* right to the possession of the office, and the jurisdiction of the court to determine that question cannot be affected by an attempt to raise issues by the answer, not material to the determination of such *prima facie* right."

The special findings fully sustained all the allegations of the complaint, and the conclusions of law were in accord with the facts so found. The judgment is affirmed.