## HAY v. WHITE ET AL.

[No. 25,855. Filed January 3, 1930.]

*Gavit, Hall, Smith & Gavit*, for appellant.
*Arthur L. Gilliom, McAleer, Dorsey, Gillett & Clark* and *Harvey J. Curtis*, for appellees.

PER CURIAM.—Appellee White brought this action in the court below by which he sought a declaratory judgment under an act of the General Assembly approved March 5, 1927. Acts 1927 p. 208, ch. 81.

From the complaint it appears that appellees White and Johnson were the only contesting candidates for the office of mayor of the city of Gary at the November, 1929, election. Johnson received a majority of all the votes cast. He received a certificate of his election from the board of canvassers. Both White and Johnson have taken the oath of office as mayor of the city of Gary and filed the same with the city clerk. Floyd E. Williams was mayor of the city of Gary at the time this action was commenced, but has since resigned, and

appellant, Hay, who was then comptroller under Williams, became acting mayor. Hay was then made a party to this action, and, by his cross-complaint, he alleged certain facts by reason of which he claimed that neither Johnson nor White was eligible to the office of mayor, but, notwithstanding their ineligibility, they are threatening, and will, on January 6, 1930, unless enjoined, attempt by force to take from this cross-complainant possession of the office of mayor, as also possession and custody of the property and records of the city now in the office of mayor in the city hall and now in the possession of cross-complainant as mayor of the city of Gary. Wherefore, in addition to other relief, appellant prayed for a temporary injunction restraining both Johnson and White from interfering with appellant's possession of the office of mayor, or with the books, papers and property connected therewith, until the action brought by White against Johnson, this appellant, and others is finally determined.

The trial court denied the application for injunction, and this appeal followed. The action of the court in refusing to grant a temporary injunction is the sole question we are called upon to decide.

While we venture no opinion upon the merits of the action as originally filed, or upon the alleged cause of action asserted in the cross-complaint, yet, as bearing upon the question submitted, we must take into account the pleadings, affidavits and all other matters incorporated in the record at bar which were before the trial court as the basis for its action.

For aught appearing, no one at this time is questioning the present right of this appellant to act as mayor. White, in asking the court to declare his status relative to the office of mayor of the city of Gary must be considered as referring to the time his action was commenced and not to what his status may be on January 6, 1930.

This statement is made upon the theory that ch. 81, *supra*, is authority for maintaining an action for a declaratory judgment in this class of cases, but as that question has to do with the merits, we now express no opinion thereon.

Returning to the question before us, appellant sought to invoke equitable relief, an extraordinary remedy, against his cross-defendants, with the sole object and purpose of retaining unto himself the office of mayor of the city of Gary, and to be allowed to conduct the business of that office, unmolested, until the rightful claimant to the office, to which he himself is one, can be determined.

Appellant's claim to the office is that of a hold-over only. Williams was elected mayor of Gary at the regular city election in November, 1925, to "serve for four years from the hour of 12 o'clock at noon on the first Monday in January," 1926, and until his successor is elected and qualified. Section 10266 Burns 1926. He resigned and appellant became the acting mayor "only during the unexpired term" of Williams. §10276 Burns 1926. Had Williams not resigned, or had the office as to him not otherwise become vacant, his possession thereof, acquired according to law, gave him the unqualified right to administer the affairs of that office for the term of four years beginning at noon on the first Monday in January, 1926, and until his successor should be elected and qualified.

If it be conceded that the phrase "only during the unexpired term" does not limit the service of an acting mayor to the four-year period, and that he is entitled to serve until his successor is elected and qualified, still it does not thereby follow that such holdover, as here, is entitled to an injunction enjoining another from assuming the office of mayor who is clothed with a certificate of election and who has qualified there-

under according to law.   *Couch* v. *State, ex rel.* (1907),
169. Ind. 269, 82 N. E. 457, 124 Am. St. 221; *Hoy* v.
*State, ex rel.* (1907), 168 Ind. 506, 515, 81 N. E. 509,
11 Ann. Cas. 944.

Both appellant and appellees here agree to the proposition that the title or right to an office cannot be tried by injunction.   But appellant contends that a temporary injunction should be granted until the eligibility of White, Johnson and himself may be determined.   It seems to us that in making this claim he overlooks a well-settled proposition of law that equitable relief will never be granted to one who has a clear remedy at law.   Especially is this true where the legal remedy is as practical and efficient to the ends of justice as the remedy in equity.   No property right of appellant is involved.   The right to hold a public office is a privilege.   An incumbent of a public office, on demand surrendering the same to one holding a certificate of election and who has qualified thereunder, loses no right to contest, in the manner prescribed by law, the eligibility, election or qualification of the person so holding the certificate.   *Couch* v. *State, ex rel., supra,* p. 272.

The judgment refusing to grant a temporary restraining order is affirmed.

It is hereby ordered that the opinion and mandate in this case be certified to the court below immediately, notwithstanding the right of the parties hereto to petition for a rehearing.