STATE EX REL. SOCONY MOBIL OIL COMPANY
*v.* DELAWARE CIRCUIT COURT.

[No. 30,309.   Filed March 16, 1964.]

*James V. Donadio, George B. Gavit, Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis and *Hall & Buckles,* of Muncie, for relator.

*Edwin K. Steers,* Attorney General, and *Sandra A. Neese,* Deputy Attorney General, for respondent.

MYERS, J.—This is an original action commenced in this court by the Socony Mobil Oil Company, Inc., ex rel. State of Indiana, the relator herein (hereinafter called Socony), against the Delaware Circuit Court, respondent, Honorable Alva Cox being the Judge thereof. A writ of prohibition and mandate is sought. On September 18, 1962, we granted a temporary writ in the alternative, giving the respondent court time to show cause why the writ should not be made permanent. In

due time respondents filed their verified return to the petition, thus putting the matter at issue before this court.

Proceedings leading up to this action began with the filing of a complaint on October 10, 1960, by the State of Indiana, in the Delaware Circuit Court, as plaintiff, for the condemnation and appropriation of certain real estate located in that county. Named as defendants were Orva M. Emerson, who had the fee-simple title to the property, Socony who leased the property, and Kenneth Kennedy, a sub-tenant of Socony. A gasoline station was located on the property, which was operated by Kennedy.

Appraisers were appointed by the court, and on December 5, 1960, they made a report, appraising damages as follows:

| "Orva M. Emerson | $23,408.18 |
| Socony Mobil Oil Co., Inc. | 18,634.00 |
| Kenneth Kennedy | 5,201.51 |
| | $47,243.69" |

Thereafter, all parties, both plaintiff and defendants, duly filed their exceptions to this report.

On January 18, 1961, the State deposited the sum of $47,243.69 with the Clerk of the Delaware Circuit Court and thereafter took possession of the property condemned.

On May 4, 1961, Kenneth Kennedy filed his petition to withdraw the amount awarded to him by the court-appointed appraisers. On the same day, the court entered an order that Kennedy was entitled to the award of damages to him and ordered the Clerk to pay $5,201.51 to Kennedy, which payment was made. Socony had no knowledge of this at that time.

On April 9, 1962, the damage questions in the condemnation suit were tried by a jury. Kennedy did not appear or take part in the trial. On April 13, 1962, a verdict was returned, assessing damages as follows:

| | | |
|---|---|---|
| Orva M. Emerson | $19,500 | plus interest |
| Socony Mobil Oil Company, Inc. | 10,000 | plus interest |
| Kenneth Kennedy | Nothing | |
| Total | $29,600 | with interest |

Among the instructions given by the court to the jury was this:

"I instruct you that the defendant, Kenneth Kennedy, has by his written lease with the defendant, Socony Mobil Oil Co., Inc. waived any right in any condemnation or eminent domain award."

This instruction was substantiated by a clause in the lease between Socony and Kennedy which reads as follows:

"(A) (6) Other Obligations of the Tenant. . . . (p) to waive a jury trial in connection with this lease and to waive any right in any condemnation or eminent domain award."

This lease was dated August 22, 1960. Judgment was rendered on the verdict on April 30, 1962. It provided in part that Socony should recover of the State $10,100 plus interest at six per cent from May 13, 1961.

No motion for new trial or any attack on the verdict or the amount of judgment was made by any of the parties.

On May 2, 1962, Orva M. Emerson withdrew the amount awarded her by the jury and the court's judgment in the amount of $19,500 plus interest.

On May 4, 1962, the State filed a motion for a stay

of execution of the judgment, which was granted. On May 18, 1962, it filed a petition seeking the return of the entire difference between the amount deposited in the Clerk's Office before trial, in the amount of $47,243.69, and the amount awarded by the jury, totaling $29,600, exclusive of interest.

By means of an entry entitled a "Judgment," the court on June 26, 1962, ordered the Clerk to repay the State the entire difference of $17,643.69. On July 25, 1962, Socony filed a motion to modify and correct this judgment, asking that the State be ordered to pay the full sum of $10,100 plus interest to it before any monies held in the Clerk's Office be paid back to the State pursuant to the court's order of June 26, 1962. No ruling has been made on that motion. Thereafter, Socony filed its petition for a writ of mandate and prohibition with this court on September 18, 1962.

Primarily, relator attacks the court's order of June 26, 1962, alleging that if it is to be carried out there would be left in the hands of the Clerk only the sum of $4,898.49 to be distributed to Socony. Socony's contention is that if it were to receive a lesser amount than that which was awarded to it by the jury, such would constitute a denial of just compensation and would violate the Indiana and United States constitutional provisions prohibiting the taking of private property without the payment of just compensation. It further argues that since there is no statutory provision for execution against the State of Indiana, and since the State is refusing to pay the damages awarded for the taking, it has no legal remedy available except by means of a judicial order or writ of mandate and prohibition requiring full satisfaction of the judgment. It is also urged that the order of June 26, 1962, is not an appealable judgment and that the pretrial deposit

by the State did not constitute payment to Socony. Its position is that the order is proper only after verdict and judgment for the defendants has been fully paid.

This court has consistently adhered to the following rule:

"The law is too well settled in this state that a writ of mandamus will be issued only in cases where the facts show a clear legal right on the part of the relator to the relief demanded, and a clear legal duty resting on the respondent to do and perform the things demanded. It has been held many times that mandamus does not lie to establish a right or to define and impose a duty, and is available only in the absence of another adequate remedy at law." *State ex rel. Reiman* v. *Kimmell* (1937), 212 Ind. 639, 648, 10 N. E. 2d 911, 915.

Other cases adhering to this rule are: *Mannix* v. *State ex rel. Mitchell* (1888), 115 Ind. 245, 17 N. E. 565; *State ex rel.* v. *Foland, Auditor* (1921), 191 Ind. 342, 132 N. E. 674; *State ex rel. Nicely* v. *Wildey et al.* (1935), 209 Ind. 1, 197 N. E. 844; *Couch* v. *State ex rel.* (1907), 169 Ind. 269, 82 N. E. 457; *State ex rel. McGovren et al.* v. *Gilkison, Judge* (1935), 208 Ind. 416, 196 N. E. 231.

Where a party may appeal in regular fashion from a judgment, or there is some other legal remedy available, this court will not issue writs of mandate or prohibition. *State ex rel. Collins* v. *Lake Superior Ct. et al.* (1954), 233 Ind. 536, 121 N. E. 2d 731; *State ex rel.* v. *Foland, Auditor, supra,* at page 349.

When a trial court has before it a matter involving the exercise of judicial discretion, this court will refuse to issue a permanent writ. *State ex rel. Wilson* v. *Lake Circuit Ct.* (1959), 239 Ind. 670, 160 N. E. 2d 600; *State ex rel. Rans* v. *Fulton Circuit Court et al.* (1960), 240 Ind. 288, 164 N. E. 2d

111; *State ex rel. Sims* v. *Hendricks C. C. et al.* (1956), 235 Ind. 444, 134 N. E. 2d 211; *State ex rel. Steers, etc.* v. *Hancock Cir. Court, etc.* (1953), 232 Ind. 384, 112 N. E. 2d 855; *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407; *State ex rel. Allison* v. *Crim. Ct. of Marion Co., etc.* (1958), 238 Ind. 190, 149 N. E. 2d 114.

We have stated that:

> "An original action in our court only brings in issue the jurisdiction of the lower court." *State ex rel. Wilson, etc.* v. *Howard Cir. Ct., etc.* (1957), 237 Ind. 263, 267, 145 N. E. 2d 4, 6.

In this case, the record reveals that the respondent court had jurisdiction over the subject-matter, the parties, the real estate involved and the particular case. When the State filed its petition to return the difference between the sum originally deposited in the Clerk's Office and that awarded by the jury, the court had jurisdiction to enter an order disposing of that particular amount.

The trouble arose because the suit was filed naming Kennedy as a party defendant who had an interest in the action. He filed objections to the complaint for appropriation on October 17, 1960. On the same day, Socony filed its objections, but did not make any reference to or object to Kennedy being a party not having any rights in the condemnation proceeding because of their lease agreement. It could have filed such objections, since the complaint disclosed this relationship. Burns' Ind. Stat., §3-1705 (1946 Replacement). On October 27, 1960, Kennedy filed amended objections in which he mentioned his interest existed because of his lease with Socony. Socony took no exception to this. When appraisers were appointed, Kennedy tendered

written instructions urging the appraisers to make a separate award for damages in favor of himself because of his leasehold interest in the real estate. Socony likewise submitted instructions, but none of them denied Kennedy's interest in the real estate or showed that he was not entitled to any award. On December 6, 1960, Kennedy filed exceptions to the award without objection by Socony. The lease between Socony and Kennedy was introduced in evidence at the trial without any objection by Socony, so that the jury heard read the waiver clause therein. An instruction was given by the court that Kennedy in his lease had expressly waived any interest in the condemnation award. Thus, the jury, in making its decision, could have considered that the interest of Kennedy was merged with that of Socony. From these facts, it could have been within the sound discretion of the trial court to determine that the jury included any interest of Kennedy as being part of that awarded to Socony.

Under our laws of eminent domain, if the condemnor decides to take immediate possession of the lands condemned, it shall pay to the Clerk of the Court such assessed damages. Burns' Ind. Stat., §3-1708 (1946 Replacement). It is a condition precedent to taking possession. *State* v. *Pollitt* (1942), 220 Ind. 593, 45 N. E. 2d 480. Thus, parties defendant with any right, title or interest in the land appropriated may withdraw the sums allowed to them by the appraisers before the review of the damages are assessed by a court. This was done herein by Kennedy without any objection on the part of Socony when it discovered it.

Relator's position would require the State to pay a sum of $5,201.51 in addition to the $29,600 determined by the jury as being the reasonable value of the total

property condemned. This would be unfair to the State, is not warranted by the facts and would be contrary to law. A footnote in *State, etc.* v. *Montgomery Cir. Ct., etc.* (1959), 239 Ind. 337, 340, 341, 157 N. E. 2d 577, 578, sets forth with clarity the applicable interpretation of the law involved herein as follows:

"In the case of *Kohl* v. *United States* (1876), 91 U. S. 367 at pages 377-378, 23 L. Ed. 449 the Court said 'The statute treats all the owners of a parcel as one party, and gives to them collectively a trial separate from the trial of the issues between the Government and the owners of other parcels. It hath this extent; no more. The court is not required to allow a separate trial to each owner of an estate or interest in each parcel, and no consideration of justice to those owners would be subserved by it.'

"For the purposes of condemnation proceedings, the value of all the interests or estates in a single parcel of land cannot exceed the value of the property as a whole, and that when the value of the property as a unit is paid to the various owners, or into court for them, the constitutional requirements are fully met, and the fact that the owners of the various interests may not agree as to the apportionment among themselves of the sum awarded does not concern the condemnor." (Citing authorities.)

We conclude that this proceeding is not one wherein a permanent writ may be issued; that the trial court had jurisdiction of all matters involved herein; that the orders made in this case were in the discretion of the trial court, and whether or not it abused that discretion is not a question for us to determine at this time; that Socony had rights of appeal or some other legal remedy available to directly attack the judgment rather than attempting a collateral attack by these proceedings. We find that the facts presented to us show no clear legal duty resting

on the respondents to perform the things demanded by Socony.

Temporary writ dissolved and petition for alternative writ denied.

Landis, C. J., and Achor and Arterburn, JJ., concur. Jackson, J., concurs in result.

NOTE.—Reported in 196 N. E. 2d 752.