SOCONY MOBIL OIL COMPANY, INC. *v.* STATE OF INDIANA ET AL.

[No. 30,314. Filed October 30, 1967.]

*James V. Donadio, George B. Gavit* and *Ice Miller Donadio & Ryan,* all of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Douglas B. McFadden,* Deputy Attorney General, for appellee.

Lewis, J.—This is an appeal from a ruling of the Delaware Circuit Court in a condemnation action instituted by the appellee-State of Indiana. The following factual situation is essential to an understanding of the legal propositions involved:

In October, 1960, the State of Indiana filed its complaint for the appropriation of real estate and named as defendants, Orva M. Emerson, Socony Mobil Oil Company and Kenneth Kennedy. Thereafter, an order was entered by the Delaware Circuit Court that the real estate of the defendants be condemned for the uses and purposes described in the complaint. This order also appointed appraisers to assess the damages caused by the taking. Thereafter, in December, 1960, the appraisers filed their report showing total damages in the sum of $47,043.69. And, the State of Indiana filed exceptions to this report. Exceptions were also filed by Kennedy, Socony Mobil Oil Company and Emerson.

On the 18th day of January, 1961, the State of Indiana deposited with the Clerk of the Delaware Circuit Court, the said sum of $47,043.69. By the terms of the award made by the court-appointed appraisers, the damages of Kennedy were assessed at $5,201.51. Thereafter, on the 4th day of May,

1961, Kennedy filed a proper petition to withdraw the sum of $5,201.51 and the Court approved.

A jury trial ensued on the issues made up by the complaint for condemnation and the exceptions. The jury's verdict was as follows: $19,500.00 for Emerson; and $10,100.00 for Socony Mobil Oil Company. Kennedy did not appear at the trial and was not awarded any sum.

Thereafter, on the 2nd day of May, 1962, Emerson withdrew the sum of $19,500.00 as awarded by the jury. There then remained on deposit with the Clerk, the sum of $22,-500.18. The Delaware Circuit Court then entered an order permitting the State of Indiana to withdraw the sum of $17,643.69 which represented the difference between the total verdict of $29,600.00 and the amount paid in to the Clerk by the State of Indiana by the terms of the court-appointed appraisers' award in the sum of $47,243.69. The State of Indiana withdrew such sum of $17,643.69 leaving only the sum of $3,825.99 on deposit and leaving the appellant with an unpaid award of $10,100.00, in addition to which appellant urges that it is entitled to interest on such sum of $10,100.00 from the date of possession of such real estate until the date of payment. The appellant, Socony Mobil Oil Company, filed a motion to modify the order entered by the Delaware Circuit Court by which the State of Indiana withdrew such sum of $17,643.69 as aforesaid and the Court did not rule on that motion.

The question before this Court raises the issues as to which party should bear the risk of loss of a pre-trial deposit in condemnation proceedings. Appellee-State of Indiana urges the position that this Court has heretofore determined this question in the case of *State ex rel, Socony Mobil Oil Company, Inc.* v. *Delaware Circuit Court* (1964), 245 Ind. 154, 196 N. E. 2d 752. In this case, *Socony* sought a writ of mandamus and prohibition in this Court concerning the case at bar. The writ of mandamus sought by *Socony* urged the Su-

preme Court of Indiana to order the Delaware Circuit Court to rescind its order of June 26, 1962, which permitted the State of Indiana to withdraw the sum of $17,643.69 as described supra. This Court denied a permanent writ of mandamus and prohibition and the stare decisis of that opinion is, substantially, that a writ of mandate would not lie where the relator had an adequate remedy available. This Court further said that where a party may appeal in legal fashion from a judgment or there is some other legal remedy available, this Court would not issue writs of mandate or prohibition.

We agree with the appellee that this Court did in its opinion, voluntarily, by obiter dicta, use certain language that may have confused the parties; but, we can but conclude after a careful reading of *State ex rel, Socony Mobil Oil Company, Inc.* v. *Delaware Circuit Court,* supra, that the only issue decided by this Court was that *Socony* should pursue the remedy of appeal. *Socony* has pursued that remedy and has brought its matter here before this Court on appeal as suggested.

We cannot agree with the appellee that *State ex rel, Socony Mobil Oil Company, Inc.* v. *Delaware Circuit Court,* supra, is the law of the case. An examination of 196 N. E. 2d 752[1] indicates:

(1) The parties are not identical.
(2) The law of the case doctrine applied only to legal propositions and not to factual recitals.
(3) The doctrine of the law of the case is applicable only to holdings necessary to the decision rendered, not to obiter dicta.

The appellant has furnished us the authority of 5 Am. Jur. 2d, Appeal and Error, §§ 744 and 745, the pertinent parts of which read as follows, respectively:

"As the term "law of the case" is most commonly used, and as used in the present discussion unless otherwise in-

1.   245 Ind. 154.

dicated, it designates the principle that if an appellate court has passed on a legal question and remanded the cause to the court below for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case. . . ."

"The general principle seems to be that the doctrine of the law of the case operates only against those who were parties to the case when the former appellate decision was rendered. . . ."

We are, therefore, considering this appeal by the appellant, and we hold that *State ex rel, Socony Mobil Oil Company, Inc.* v. *Delaware Circuit Court,* supra, was limited to a determination by this Court that a writ of mandamus and prohibition did not apply.

We come now to a determination of the rights of the parties herein involved. If a condemnor pays into the Court the amount of the court-appointed appraisers' estimate and one of the named parties in the lawsuit withdraws his estimated portion, at whose risk may he do this? Does he withdraw his portion at the peril of the condemnor or should each condemnee have to stand guard over his estimated portion to be quite certain that a fellow condemnee will not withdraw funds deposited by the condemnor in order that sufficient funds would remain after judgment to pay each condemnee.

The State of Indiana, as condemnor, saw fit to seek immediate possession of the real estate by use of the statute which permits one to have such possesion upon paying into Court the full amount as estimated by the court-appointed appraisers. This act on the part of the State was wholly voluntary. *State* v. *Pollitt* (1942), 220 Ind. 593, 45 N. E. 2d 480.

Since the condemnor could have awaited the final judgment of the Court in which the damages and respective rights of the condemnees would have been adjudicated, we are compelled to hold that any risk of loss or error must rest with the condemnor as the moving party rather than with one or more of the condemnees.

There is not specific case law in Indiana on a set of facts as in the case at bar; however, we must look at *Whitlock* v. *Public Service Co. of Ind. Inc.* (1959), 239 Ind. 680, 159 N. E. 2d 280, 161 N. E. 2d 169. In that case the Trial Court attempted to recoup from one spouse the full amount of an overpayment in a condemnation case. This Court said in reversing that order:

". . . It, however, does not necessarily follow that if one of the spouses dies before the judgment reducing the award of the appraisers that the surviving spouse is ■ *liable* for the proceeds *previously taken by the other spouse.* We can find no cases and no authority for imposing a total liability on the surviving spouse alone." (Emphasis supplied)

"In this case, if the husband had died first and the widow survived him, there would be no more warrant for the court entering a judgment against her for the entire amount drawn in excess of the final award of the jury than there is for a judgment to be rendered against the husband for the entire amount, without any evidence of how the proceeds were divided and to what extent each benefited or profited from the proceeds."

Looking to other jurisdictions where the question at bar has been presented to other courts, we conclude that a well-reasoned decision is *City of San Antonio* v. *Astoria* (1933), 67 S. W. 2d 321.

"The reasoning of the Supreme Court of Colorado in Clelland v. McCumber, supra, seems unanswerable: 'Without ■ determining what interest, if any, the owner of the property sought to be taken or damaged has in the preliminary deposit before final judgment in condemnation proceedings, it seems clear that the petitioner making such deposit has an immediate and direct interest therein at all times until the final adjudication, and until the same is finally applied to its ultimate purposes. Such deposit is essential to petitioner's right of entry and possession. If by any means it is withdrawn before the final determination of the controversy, petitioner's right of possession is suspended. The preliminary deposit is not payment, nor part payment, until it is actually so applied. It

is in the nature of a continuing tender, and must at all times be kept good by petitioner, though it lacks some of the incidents of tender, in that the owner is not bound to accept it or incur the risk of being mulcted in costs if it proves sufficient. *In receiving the preliminary deposit, the court, or its proper officer, acts as the depositary of the petitioner,* who thereby, in pursuance of the statute, acquires the privilege of immediate entry and possession of the premises sought to be taken. The owner is an involuntary party to the proceeding. If by any means the deposit fails, petitioner's statutory privilege is at once imperiled, and the possession may be actually terminated unless the deposit be replaced. *The deposit, therefore, must be considered as held by the public official at the risk of the petitioner,* until the same is actually applied to its ultimate purpose, or is otherwise legally disposed of.' " (Emphasis ours)

Appellant has also furnished the following decisions which emphasize the principle in *City of San Antonio* v. *Astoria,* supra: *Clelland* v. *McCumber* (Sup. Ct. Colo. 1891), 25 P. 700. *Burns* v. *Chicago etc. Railroad* (Sup. Ct. Iowa 1900), 81 N. W. 794. *Brown* v. *Chicago etc. Railway* (Sup. Ct. Neb. 1902), 89 N. W. 405.

In *United States* v. *53¼ Acres of Land etc.* (2d Cir. 1949), 176 F. 2d 255, at page 259, we find the following language:

". . . Though it is the duty of the court to see to it that each claimant gets just compensation in so far as the deposit permits and that no one is overpaid, an overpayment will not relieve the government of its obligation to pay the total amount of the final award and whatever deficiency interest may be required to complete just compensation. Thus if the deposit is wrongfully depleted by overpayment to anyone the government may not only be required to pay out more but it may lose the overpayment for it has only its right of action against the payee and the payee may be judgment proof. . . ."

Our attention has been called to the fact that in 1961 the State Legislature amended the condemnation laws to attempt to protect the State of Indiana in such a case as we have here. This statute is found in Burns' Indiana Statutes, Anno.,

§ 3-1707, amended 1965, [1966 Cum. Pocket Supp.], a portion of which reads as follows:

"If exceptions to the appraisers' report have been duly filed by the plaintiff or any defendant, no payment shall be made by the clerk of the court to any defendant of any part of the damages deposited with the clerk by the plaintiff, unless and until the defendants requesting the same have filed with the clerk a written undertaking, with surety approved by the court, *for the repayment to the plaintiff* of all sums received by such defendant or defendants in excess of the amount or amounts awarded as damages to such defendant or defendants by the judgment of the court upon trial held on the exceptions to the assessment of damages by the appraisers: . . ." (Emphasis ours)"

The undertaking provided for by the statute guaranteeing repayments provides that the undertaking shall be in favor of the condemnor, so the statute indicates that the ■ Legislature in 1961 felt that the condemnor (State of Indiana) had the risk of the voluntary pre-trial deposit. The appellant is entitled to interest on its award of $10,100.00 from the stipulated date of possession, May 13, 1961, until payment. *State* v. *Young, et al.* (1964), 246 Ind. 52, 199 N. E. 2d 694.

The Trial Court was in error in entering its order permitting the State of Indiana to withdraw the sum of $17,643.69 on June 26, 1962. The judgment of the Delaware Circuit Court in making such order is hereby reversed and the Delaware Circuit Court is directed to order the appellee-State of Indiana to take the necessary steps to fully satisfy appellant's verdict of $10,100.00 plus interest from May 13, 1961.

Hunter, C. J., Arterburn, Jackson and Mote, JJ., concur.

NOTE.—Reported in 230 N. E. 2d 530.