WILLIAM P. MCALLISTER ET AL. *v.* STATE OF INDIANA
EX REL. BRYANT.

[No. 670S125. Filed March 30, 1972.]

*Charles A. Ruckman,* of Gary, for appellants.
*Harry Schell,* of Gary, for appellee.

ARTERBURN, C. J.—This case arose as an action in mandate brought by the appellee-plaintiff to compel appellants to pay a default judgment recovered by the appellee against the City of Gary. The appellee, on July 22, 1969, filed a motion for summary judgment and a hearing was set on the motion for August 7, 1969. On August 5, 1969, the appellants filed a motion for change of venue from the judge and on August 7th the court set a hearing date on the motion for change of venue. On August 14th the appellee filed a motion to strike defendants' motion for a change of venue from the judge which was sustained. At this time the complaint was not put in issue by the filing of any answer.

Appellants' first contention is that the court erred in sustaining appellee's motion to strike defendants' motion for change of venue from the judge. It is appellee's argument that the lower court was not in error in that appellant failed to comply with rule 1-12B (7) of the *Indiana Rules of Procedure.* (Now cited as Trial Rule 76 (7) in the present Indiana Rules of Procedure) Trial Rule 1-12B (7) provided as follows:

"Provided further, a party shall be deemed to have waived a request for a change of judge or county if a cause is set for trial before the expiration of the date within which a

party may ask for a change, evidenced by an order book entry and no objection is made thereto by a party as soon as such party learns of the setting for trial. Such objection, however, must be made promptly and entered of record, accompanied with a motion for a change from the judge or county (as the case may be) and filed with the court."

The appellee argues that since a hearing on the motion for summary judgment was set prior to the date in which the motion for change of venue from the judge was filed and since no objection was made as to the setting of the hearing on the motion for summary judgment, the appellants waived their right to have a change of venue from the judge and the court's ruling to sustain the appellee's motion to strike the defendants' motion for change of venue from the judge was proper. With appellee's contention we cannot agree.

The setting of a hearing on a motion for summary judgment is not a "trial" within the meaning of Trial Rule 76 (7). If it were a trial, then appellants would have a right to file a motion for a new trial or a motion to correct errors following a denial of a motion for summary judgment. Our rules do not permit this. Trial Rule 56 (e) provides that a motion to correct errors may be filed *only upon the sustaining* of a motion for summary judgment, which of course terminates the litigation and grants a procedural method for appeal. A "trial" normally embraces a controversy and a hearing of evidence to determine issues of fact. See *Black's Law Dictionary*. A determination of a motion for summary judgment is based upon the proposition that there is no issue of facts to be determined and a trial is unnecessary.

There are other contentions made by the appellant in this case which are unnecessary for us to consider in view of the fact that the consequence of our holding on his first contention is to reverse this case with directions that the motion for a change of venue from the judge be granted and re-

manded for further proceedings not inconsistent with this opinion.

Judgment of the trial court is reversed.

NOTE.—Reported in 280 N. E. 2d 311.