STATE of Indiana on the Relation of
SINK & EDWARDS, INC., Relator,

v.

The HANCOCK SUPERIOR COURT
and the Honorable Richard T.
Payne, as Judge Thereof, Respondents.

No. 884S307.

Supreme Court of Indiana.

Nov. 26, 1984.

Alvin E. Meyer, Stephen J. Peters, Stewart, Irwin, Gilliom, Fuller & Meyer, Indianapolis, for relators.

Hugh Watson, Richard M. Knoth, Locke, Reynolds, Boyd & Weisell, Indianapolis, for respondents.

PIVARNIK, Justice.

Relator Sink & Edwards, Inc., [hereinafter "Sink"] filed its verified petition for a writ of mandamus against Respondents and, following a hearing on August 7, 1984, this Court indicated that it would decline to issue the requested writ. Relator subsequently filed its petition with the Clerk of this Court so we accordingly file this opinion to explain our denial of relief.

To properly present the questions raised in this case, it is necessary to relate the prior proceedings in the trial court and in the Court of Appeals. Huber, Hunt & Nichols, Inc., ["Huber"] contracted with the Allison Division of the General Motors Corporation on April 4, 1966, to perform certain construction work for General Motors. Huber then entered into a sub-contract with Sink on October 3, 1967, which sub-contract contained an indemnity clause. On January 15, 1968, Robert Allison, an employee of Sink, sustained serious and permanent injuries when he fell from a roof at the General Motors construction project. Allison subsequently brought a negligence suit against General Motors, Huber and the project architect. Huber in turn filed a third party complaint against Sink pursuant to the indemnification provision in their sub-contract. The trial court granted Sink's motion to sever the third party action from Allison's tort action. Allison's case accordingly proceeded to a trial which resulted in a directed verdict for Huber. Allison appealed the trial court's decision and the First District Court of Appeals reversed. *Allison v. Huber, Hunt & Nichols, Inc.,* (1977) 173 Ind.App. 41, 362 N.E.2d 193. Allison's cause against Hunt then was set for retrial and Sink was informed of the pending retrial. Three days

prior to the scheduled retrial date, Huber received a settlement offer of $150,000 and informed Sink that Huber would accept the offer unless Sink would assume responsibility for the defense of the action. As the Court of Appeals noted, the record does not reveal any correspondence from Sink to Huber. Huber settled with Allison and Allison's action was dismissed with prejudice on February 16, 1978. On July 8, 1982, Sink filed a motion for summary judgment on Huber's third party complaint. Huber likewise filed a motion for summary judgment which the trial court later granted. The trial court also ordered Sink to pay Huber $150,000 plus prejudgment interest calculated from the date of the release of Allison's claim to the date summary judgment was entered. The Court of Appeals found that the trial court properly rendered a summary judgment in favor of Huber and against Sink since Sink was obligated to indemnify Huber under their contract. The Court of Appeals further found, however, that it was improper for the trial court to enter the summary judgment without first determining that the amount of the settlement Huber made with Allison was fair and reasonable. The Court of Appeals also questioned the award of prejudgment interest to Huber since Huber did not seek such an award in its motion for summary judgment or in its complaint and since Sink might have had a defense to the prejudgment interest award which was not presented during the summary judgment hearing. The Court of Appeals decided that whether Huber was entitled to prejudgment interest and whether Sink could assert any equitable defenses to the award were questions to be resolved by the trial court. *Sink & Edwards, Inc. v. Huber, Hunt & Nichols, Inc.,* (1984) Ind. App., 458 N.E.2d 291. Sink's petition for rehearing was denied by the Court of Appeals and Sink's petition for transfer was denied by this Court. The Court of Appeals opinion was certified on April 25, 1984, which is when the trial court set the matter for a hearing to be held on June 5, 1984. Sink filed a motion for change of venue from the county pursuant to Ind.R.

Tr.P. 76(5) which was overruled by the trial court. The trial court agreed, however, to continue any further proceedings pending disposition by this Court of Relator Sink's petition to mandate Respondent trial court to grant a change of venue. Relator Sink also claims that Respondent trial court deprived Relator of its right to a jury trial on certain issues.

The jurisdictional error alleged by Sink in its original action petition is that Respondent trial judge denied Sink's absolute right to a change of venue upon remand of Sink's case from the Court of Appeals. Sink's claim pertains to Ind.R.Tr.P. 76(5) which provides:

"Provided further, when a new trial is granted, whether the result of an appeal or not, the parties thereto shall have ten (10) days from the date the order granting the new trial is entered on the record of the trial court."

Sink now contends that inasmuch as a summary judgment hearing is a trial, the Court of Appeals ordered a new trial when it remanded Sink's cause to the trial court. Respondents counter by claiming that a summary judgment decision is not a trial and the Court of Appeals therefore did not order a new trial but, as a matter of fact, affirmed the summary judgment entered by the trial court and merely ordered the trial court to continue its hearing to further consider certain specific matters regarding the amount of judgment. Respondents are correct in both of these contentions.

■ Respondents are correct to assert that a summary judgment decision is not a trial. This Court has held that the hearing on a motion for summary judgment is not a trial within the meaning of Ind.R.Tr.P. 76(7). *McAllister v. State,* (1972) 258 Ind. 238, 280 N.E.2d 311. With regard to what constitutes a trial, *McAllister* provided: "A 'trial' normally embraces a controversy and a hearing of evidence to determine issues of fact." Of course, the determination of a motion for summary judgment is based upon the proposition that there is no issue of fact to be determined and a trial is

**1322**

unnecessary. The Court of Appeals also has held that a summary judgment proceeding is not a trial. *Brames v. Crates,* (1980) Ind.App., 399 N.E.2d 437.

■ Respondents are also correct that since there has been no trial in this case, the Court of Appeals opinion can not be interpreted as an order for a *new* trial. We find that the Court of Appeals opinion did not order a new trial and, in fact, did not order the parties placed into the same position they were in before the entry of summary judgment such that all of the issues need be heard again. The Court of Appeals affirmed the decision of the trial court finding Sink obligated to Huber pursuant to the indemnification contract. The Court of Appeals remanded the cause to the trial court only to determine the reasonableness of the amount Huber paid as settlement to Allison and demanded from Sink as the amount of indemnification. The Court of Appeals also ordered the trial court to determine the propriety of fixing prejudgment interest as a part of its judgment. The trial court accordingly was ordered to make certain determinations regarding the amount of Huber's judgment which contemplates a continuation of the trial court's summary judgment hearing by the same trial judge. This is not the ordering of a new trial as contemplated by Ind. R.Tr.P. 76(5). The trial court properly found that Relator was not entitled to an automatic change of venue from the county.

■ Sink also contends that this Court should issue a writ of mandamus to compel Respondents to impanel a jury to determine the remanded issues. The trial court has not yet made any determination respecting the entitlement to or the need for empaneling a jury for consideration of the remanded issues. Sink's issue therefore is not ripe for adjudication.

The petition for writ of mandamus is denied.

GIVAN, C.J., and DeBRULER, and HUNTER, JJ., concur.

PRENTICE, J., dissents without opinion.