**STATE of Indiana on the Relation of Duane M. HAHN, Relator,**

**v.**

**The HOWARD CIRCUIT COURT and the Honorable Douglas A. Cox, Special Judge of the Howard Circuit Court, Respondents.**

No. 34S00–9008–OR–554.

Supreme Court of Indiana.

May 17, 1991.

Daniel J. Harrigan, Bayliff Harrigan Cord & Maugans, P.C., Kokomo, for appellant/relator.

Eugene H. Yockey, LeMond Carson Yockey Pehler & Caplin, Frank E. Spencer, Indianapolis, for appellees/respondents.

DeBRULER, Justice.

Relator has sued in this Court pursuant to the Rules of Procedure for Original Actions for a writ of mandate requiring respondents to grant a motion for change of judge pursuant to T.R. 76(5). We issued the alternative writ, and the respondents have filed their return.

Relator Hahn is petitioner in a dissolution of marriage suit in the respondent court. A judgment was rendered in the case and an appeal taken to the Court of Appeals. The Second District, by memorandum opinion, affirmed in part, reversed in part, and remanded with the following order:

> Judgment affirmed as to the grant of dissolution of marriage and order for child support; judgment reversed as to the division of the marital estate and cause remanded for further proceedings thereon.

When the case arrived back in the respondent court, Relator filed a timely motion for change of judge pursuant to T.R. 76(5), which authorizes such motions "when a new trial is granted." Such motion was denied by respondent court for the reason that the further proceedings contemplated in the remand order would not constitute a new trial on the issue of the division of the marital property. To this position, reiterated in the return, the respondents add the argument that Relator's remedy at law is adequate.

■ Respondents are on sound ground when they pose the rule that this Court will not exercise its equitable powers when the petitioning party has an adequate remedy at law. *State ex rel. Socony Mobil Oil Co. v. Delaware Cir. Court* (1964), 245 Ind. 154, 196 N.E.2d 752. They suggest that Relator should have gone to the Court of Appeals to challenge the denial of his motion for change of judge and asked for a writ in aid of that court's appellate jurisdiction. I.C. 34-1-58-1. Upon such an action in the Court of Appeals, that Court could certainly clarify its mandate and require the trial court to comply with it. If that occurred, however, the final equitable authority over the trial court's ruling would nevertheless remain with this Court. Because this Court has heard this case to this point and finds that it is able to decide it, it is more equitable to do so now rather than to foment additional judicial work and litigation costs.

■ Respondents find no such sound premise for their contention that Relator was not entitled to a change of judge upon his motion. Courts conduct trials upon issues of law and issues of fact. The end result is a judgment. Upon reversal of a judgment produced by a trial upon issues of law and issues of fact, the appellate remand contemplates a retrial of like character, and the right to a change of judge arises anew under T.R. 76(5). *State ex rel. Sink & Edwards, Inc. v. Hancock Superior Court* (1984), Ind., 470 N.E.2d 1320. Such a retrial is a new trial within the meaning of this rule, and this conclusion follows even though the issues to be retried do not include all those resolved in the first trial. *Berkemeier v. Rushville Nat. Bank* (1984), Ind.App., 459 N.E.2d 1194; Ind.Appellate Rule 15(N).

■ Part of respondents' judgment dividing the marital estate was reversed because, in the opinion of the Second District, (1) the avowed intent of respondents to make a division of marital property which would be nearly equal was not achieved, (2) a finding of ownership of an annuity contract was in error, (3) the evaluation of the household goods was in error, and (4) the valuation of an expensive truck was in error. Further proceedings to accurately determine ownership of the contract, to accurately determine the value of the goods and truck, and to order a division of property included in the marital estate which is nearly equal requires a trial upon issues of law and issues of fact. While the remand order of the Court of Appeals did not employ the words "new trial," it nevertheless requires one upon the issue of the division of marital property.

Upon the foregoing considerations, the alternative writ is made absolute.

GIVAN and KRAHULIK, JJ., concur.

DICKSON, J., dissents with opinion in which SHEPARD, C.J., joins.

DICKSON, Justice, dissenting.

The partial reversal of judgment by the Court of Appeals did not require or contemplate a new trial. The Court of Appeals reversed the division of the marital estate because it was inconsistent with the trial court's own finding that the property should be equally divided and because the ordered division was partially based upon a clearly erroneous finding that the respondent/wife was the owner of an annuity contract, despite undisputed contrary evidence. Correction of this error does not require further hearing for the receipt of additional evidence, but instead only a reformulation of the final order dividing the marital estate to achieve the intended equal division.

The Court of Appeals found further error in the trial court's evaluation of household goods and a Peterbilt truck. As to the household goods, the evidence valued the goods from a low of $1,697.00 to a high of $7,448.00. Finding the household goods to have "negligible value," the trial court did not assign any value to the goods in the final division of property. Because of this failure to attribute value, the Court of Appeals remanded so that the final division of property would include a value for the household goods. However, there remains no need for receipt of further evidence. The trial court may comply with the mandate of the Court of Appeals by simply adjusting the final property distribution accordingly.

The final aspect of the remand from the Court of Appeals was to correct an error in determining the value of the Peterbilt truck. The trial court's finding as to the truck's "equity value" was determined to be inconsistent with the evidence. Just as in the previous issues, the trial court may fully comply with the remand order by correctly valuing the truck consistent with the evidence already presented.

Because the remand from the Court of Appeals does not necessitate further hearing and receipt of evidence, I would find that a change of judge pursuant to Ind.Trial Rule 76(5) is not required.

SHEPARD, C.J., concurs.