**MIDWEST MINERALS, INC.,**
Appellant–Plaintiff,

v.

**BOARD OF ZONING APPEALS of the Area Plan Department/ Commission of Vigo County, Appellee–Defendant.**

No. 84A01–0409–CV–412.

Court of Appeals of Indiana.

April 11, 2005.

Leslie C. Shively, Evansville, IN, Attorney for Appellant.

Joseph K. Etling, Michael A. Slagle, Terre Haute, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Plaintiff–Appellant Midwest Minerals, Inc. ("Midwest") appeals from the trial court's order upholding a decision by the Board of Zoning Appeals of the Area Plan Department/Commission of Vigo County ("the BZA").

On October 16, 2002, Midwest filed an application for a special exception to build a molecular gate natural gas processing unit to be located on some land located in West Terre Haute, Indiana. The staff of the BZA provided the BZA with an unfavorable recommendation of Midwest's application. On November 13, 2002, the BZA held a public meeting at which time it reviewed and took public comments on Midwest's application. The BZA decided to deny Midwest's application. On December 12, 2002, Midwest filed a verified petition for writ of certiorari. On January 7, 2003, Midwest filed a motion for change of venue from the judge, which was automatically granted. On January 29, 2003, the BZA filed its response.

A special judge was appointed to hear the matter. On March 12, 2003, the BZA issued its findings in support of its earlier decision to deny Midwest's application. On June 10, 2003, the trial court granted certain remonstrators' motions to intervene in the case. On October 30, 2003, the trial court entered judgment against Midwest, and affirmed the decision of the BZA.

On November 25, 2003, Midwest filed a notice of appeal from the trial court's order. On April 26, 2004, a panel of this court issued a memorandum decision, affirming the trial court's order in part, and reversing and remanding the trial court's order in part. The trial court was instructed to order the BZA to issue sufficient findings. (*Midwest Minerals, Inc. v. Board of Zoning Appeals*, 84A01–0403–CV–145 (April 26, 2004)); Appellant's App. p. 22.

On June 2, 2004 Midwest filed a motion for change of venue from the judge. The BZA objected to Midwest's motion on June 4, 2004.

On July 14, 2004, the BZA adopted new findings at a public hearing. Those new findings were tendered to the trial court on August 10, 2004. On August 13, 2004, Midwest objected to the newly tendered findings. On August 20, 2004, the trial court denied Midwest's motion for change of venue from the judge, and accepted the BZA's new findings of fact. The trial court found the findings to be sufficient to support the BZA's denial of Midwest's application.

Midwest has appealed alleging that the trial court erred by denying Midwest's June 2, 2004, motion for change of venue from the judge. The BZA argues that the

trial court correctly denied Midwest's motion because Midwest was entitled to only one change of venue from the judge pursuant to Ind. Trial Rule 76(B). The BZA further argues in the alternative that Midwest is not entitled to a change of venue from the judge pursuant to Ind. Trial Rule 76(C)(3) because the panel of this court in the first appeal, did not remand the matter for a "new trial."

> T.R. 76(C)(3) provides as follows:
>
> (C) In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for change of judge (or change of venue) shall be filed not later than ten [10] days after the issues are first closed on the merits. Except:
>
> (3) when a new trial is granted, whether the result of an appeal or not, the parties thereto shall have ten [10] days from the date the order granting the new trial is entered on the record of the trial court;

The memorandum opinion of this court reversed the trial court's order affirming the BZA's denial of Midwest's application for a special exception and remanded the matter to the trial court with instructions that the trial court order the BZA to enter sufficient findings. Appellant's App. p. 22.

In *State ex rel. Hahn v. Howard Circuit Court*, 571 N.E.2d 540 (Ind.1991), our supreme court stated the following regarding the former version of the trial rule:

> Courts conduct trials upon issues of law and issues of fact. The end result is a judgment. Upon reversal of a judgment produced by a trial upon issues of law and issues of fact, the appellate remand contemplates a retrial of like character, and the right to a change of judge arises anew under T.R. 76(5). Such a retrial is a new trial within the meaning of this rule, and this conclusion follows even though the issues to be retried do not include all those resolved in the first trial.

571 N.E.2d at 541. (internal citations omitted). Our supreme court held that the omission of the words "new trial" in the remand order of the court of appeals, did not preclude a new trial on the substantive issue involved there. *Id.*

In the present case, the matter came before the trial court upon a writ of certiorari pursuant to Ind.Code § 36-7-4-1003. That section provides as follows:

> (a) Each decision of the legislative body under section 918.6 [IC 36-7-4-918.6] of this chapter or the board of zoning appeals is subject to review by certiorari. Each person aggrieved by a decision of the board of zoning appeals or the legislative body may file with the circuit or superior court of the county in which the premises affected are located, a verified petition setting forth that the decision is illegal in whole or in part and specifying the grounds of the illegality. No change of venue from the county in which the premises affected are located may be had in any cause arising under this section.

Ind.Code § 36-7-4-1009 provides as follows:

> The court may determine the sufficiency of the statements of illegality contained in the petition, without further pleading, and may make its determination and render its judgment with reference to the legality of the decision of the board of zoning appeals, on the facts set out in the return to the writ of certiorari. If the court determines that testimony is necessary for the proper disposition of the matter, it may take evidence to supplement the evidence and facts disclosed by the return to the writ of certiorari, but the review may not be trial de novo.

In passing on the legality of the decision of the board, the court may reverse, affirm, or modify the decision of the board brought up for review.

The trial court then decided that the action taken by the BZA was legal. The matter was then appealed to this court from the final judgment of the trial court. Ind. Code § 36–7–4–1011 provides as follows:

An appeal may be taken to the court of appeals from the final judgment of the court reversing, affirming, or modifying the decision of the board of zoning appeals. This appeal must be taken in the same manner and on the same terms as appeals in other civil actions.

This case is similar to that decided by our supreme court in *State ex rel. Hahn*. Although the other panel of this court did not remand the matter for a new trial, what was ordered was in effect a new trial for purposes of determining an issue of law, whether the decision of the BZA was legal. The right to a change of venue from the judge arose anew. *See State ex rel. Hahn*, 571 N.E.2d at 541.

Therefore, the trial court erred by denying Midwest's June 2, 2004, motion for change of venue from the judge. Because of our determination on this issue, we do not address the additional issue on the merits of this case.

This matter is remanded to the trial court to grant Midwest's motion for change of venue from the judge and for further proceedings.

Reversed and remanded.

RILEY, J., and SHARPNACK, J., concur.