Jason J. GREEN, Appellant–Petitioner,

v.

Laura S. GREEN, Appellee–Respondent.

No. 52A03–0609–CV–422.

Court of Appeals of Indiana.

April 5, 2007.

Monty K. Woolsey, Miroff, Cross & Woolsey, Indianapolis, IN, Attorney for Appellant.

## OPINION

VAIDIK, Judge.

### Case Summary

Jason Green appeals the trial court's denial of his petition to modify custody of his son, B.G. Jason raises several issues on appeal, one of which we find to be dispositive: whether the trial court erred in denying Jason's motion for change of venue from the judge. Finding that the trial court should have granted the change of judge, we reverse the judgment of the trial court and remand this cause for the selection of a new judge and a new trial on Jason's petition to modify custody of B.G.

### Facts and Procedural History

Jason and Laura Green were divorced in the Miami Circuit Court on February 14, 2001. They had one son, B.G., born in January 1995. The parties agreed to joint legal custody of B.G. with Laura having physical custody and Jason having parenting time upon reasonable notice and at all reasonable times and places. On May 4, 2005, Laura notified Jason that she intended to move to Iowa. Jason filed a petition to change custody and a request for an emergency hearing prohibiting Laura from relocating out-of-state with B.G. The court scheduled a hearing and, in the interim, prohibited Laura from removing B.G. from Indiana. Laura then filed a notice of intent to relocate to Iowa, indicating her move-date would be June 4, 2005. Laura also filed a motion to set aside the court's order prohibiting her from removing B.G. from Indiana. Following a hearing, the trial court granted Laura's motion to set aside and set the case for a final hearing.

On July 20, 2005, after the final hearing, the court entered an order denying Jason's petition to modify custody. The trial court entered one conclusion regarding the petition: "[Jason's] Petition should be denied. While [Laura's] move to Iowa is a substantial change the Court cannot conclude that [B.G.'s] best interests require a modification of custody." Appellant's App. p. 17. Attached to this conclusion was the following footnote:

> The Court is aware of the close, loving and supportive relationship that [Jason] has with [B.G.]. However, in addition to [B.G.] experiencing new opportunities with other family members, schoolmates and friends, the Court anticipates [Jason] and his family will not miss an opportunity to visit with [B.G.] as well.

*Id.* at n. 1. The remainder of the trial court's order concerned visitation, child support, and other matters.

Jason then appealed to this Court seeking custody of his son. On February 27, 2006, we held that the trial court abused its discretion in denying Jason's petition for modification of custody because it failed to properly consider the factors listed in Indiana Code § 31–17–2–8, as required by Indiana Code § 31–17–2–21, which governs the modification of child custody. *Green v. Green,* 843 N.E.2d 23, 27–28 (Ind.Ct.App.2006). We concluded, "We therefore reverse and remand to the trial court for a determination regarding whether the effect of Laura's relocation to Iowa is of such a nature as to require a modification in the custody of B.G." *Id.* at 29.

After receiving this Court's opinion, the trial court directed the parties "to submit proposed Findings of Fact and Conclusions of Law[.]" Appellant's App. p. 29. Laura filed a Motion for Submission of Additional and Supplemental Evidence, in which she stated "[t]hat considerable time, circumstances and facts have occurred since the initial hearing herein and the court's determination" and "that in order for the court to make a reasoned decision to the 'best interests' of the child, additional and supplemental evidence is beneficial and necessary." *Id.* at 30. Jason objected in writing to Laura's motion, stating, in part:

> The Court of Appeals did not reverse and remand this matter to the Trial Court for a new hearing but instead reversed and remanded for the Trial Court to issue a new order considering all the evidence presented during the July 19, 2005 hearing in connection with the "best interests of the child" standard as set forth in I.C. § 31–17–2–8.

*Id.* at 33. The trial court entered an order granting Laura's Motion for Submission of Additional and Supplemental Evidence and overruling Jason's objection thereto, set a hearing in the matter, and vacated its previous entry requesting Findings of Fact and Conclusions of Law.

Jason then filed a Motion for Change of Venue from the Judge ("Change of Judge Motion") pursuant to Indiana Rule of Trial Procedure 76(B). Laura filed an objection, and after a hearing, the trial court entered an order denying Jason's motion. The trial court stated, in part:

> This matter is presently on remand from the Indiana Court of Appeals pursuant to their opinion dated February 27, 2006. This Court, having heard the evidence should resolve the issues as directed by the Court of Appeals. The Court further finds that [Laura's] Motion for Submission of Additional and Supplemental Evidence, which was granted by Order dated March 7, 2006, involves issues ancillary to those heard on July 19, 2005.
>
> [Jason's] Motion for Change of Venue from the Judge should be denied.

*Id.* at 38. Jason asked the trial court to certify its order for interlocutory appeal, but the trial court refused.

The trial court then held a final hearing in the matter, and the parties submitted proposed findings of fact and conclusions of law. The trial court entered an order denying Jason's petition to modify custody. The court stated, in part, "Having heard the additional evidence the Court finds no reason to deviate from its' [sic] prior order." *Id.* at 13. Jason now appeals.

### Discussion and Decision

■■■ On appeal, Jason raises several issues, one of which we find dispositive: whether the trial court erred in denying Jason's Change of Judge Motion. At the outset, we observe that Laura has failed to file a brief on appeal. When an appellee fails to submit an answer brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind.2006). Rather, we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error. *Id.* Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face of it." *Id.*

In support of his argument that he was entitled to a change of judge, Jason directs us to Indiana Rule of Trial Procedure 76 ("Trial Rule 76"). Trial Rule 76(B) establishes that after a final decree is entered in a dissolution of marriage case, a party may take one, but only one, change of judge in connection with petitions to modify that decree. Jason did not seek a change of judge in the original modification proceeding. However, the version of Trial Rule 76(C)(3) that was in effect at the time of Jason's motion establishes that a party may seek a change of judge "when a new

trial is granted, whether the result of an appeal or not[.]"[1] Whether Jason was entitled to a change of judge after we remanded this cause to the trial court depends, then, on whether a "new trial" was granted within the meaning of Trial Rule 76(C)(3).

■■■ Initially, we note that neither this Court, in remanding this case to the trial court, nor the trial court, in granting Laura's Motion for Submission of Additional and Supplemental Evidence and setting a hearing, used the words "new trial." *See Green*, 843 N.E.2d at 29; Appellant's App. p. 34–35. Nonetheless, in determining whether a new trial has been granted, the fact that the words "new trial" have not been used is of no moment. No such magic words are necessary for purposes of Trial Rule 76(C)(3). *See State ex rel. Hahn v. Howard Circuit Court*, 571 N.E.2d 540, 541 (Ind.1991) ("While the remand order of the Court of Appeals did not employ the words 'new trial,' it nevertheless requires one upon the issue of the division of marital property."); *Midwest Minerals, Inc. v. Bd. of Zoning Appeals*, 825 N.E.2d 394, 397 (Ind.Ct.App.2005) ("Although the other panel of this court did not remand the matter for a new trial, what was ordered was in effect a new trial for purposes of determining an issue of law, whether the decision of the BZA was legal."), *trans. denied; see also Berkemeier v. Rushville Nat'l Bank*, 459 N.E.2d 1194, 1198 (Ind.Ct.App.1984) ("We do not believe the label attached, be it hearing or trial, is determinative.").

■■■ So, has a new trial been granted in this case for purposes of Trial Rule 76(C)(3)? This Court did not do so when it remanded this cause to the trial court. This author wrote *Green.* We concluded,

---

1. Substantive amendments to Trial Rule 76(C)(3) became effective on January 1, 2007.

We will further discuss those changes later in this opinion.

"We therefore reverse and remand to the trial court for a determination regarding whether the effect of Laura's relocation to Iowa is of such a nature as to require a modification in the custody of B.G." *Green*, 843 N.E.2d at 29. In the opinion, we also wrote, "[W]e must remand to the trial court for an evaluation of the evidence that fully considers [the Indiana Code § 31–17–2–8] factors in determining whether modification is in the best interests of this child." *Id.* at 27–28. This instruction indicates that we intended for the trial court to come to a determination regarding the custody of B.G. not by conducting a "new trial," but by re-evaluating the evidence already presented in light of the factors listed in Indiana Code § 31–17–2–8.

■ It appears that on remand, the trial court originally intended to follow this instruction and to make a determination without further hearing or receipt of evidence. The judge simply asked the parties to submit proposed findings of fact and conclusions of law. Then, however, Laura filed a Motion for Submission of Additional and Supplemental Evidence, in which she stated "[t]hat considerable time, circumstances and facts have occurred since the initial hearing herein and the court's determination" and "that in order · for the court to make a reasoned decision to the 'best interests' of the child, additional and supplemental evidence is beneficial and necessary." Appellant's App. p. 30. Jason objected, stating:

> The Court of Appeals did not reverse and remand this matter to the Trial Court for a new hearing but instead reversed and remanded for the Trial Court to issue a new order considering all the evidence presented during the July 19, 2005 hearing in connection with the "best interests of the child" standard as set forth in I.C. § 31–17–2–8.

*Id.* at 33. The trial court overruled Jason's objection, entered an order granting Laura's Motion for Submission of Additional and Supplemental Evidence, set a hearing in the matter, and vacated its previous entry requesting Findings of Fact and Conclusions of Law. It was at that point that Jason became entitled to a change of judge under Trial Rule 76(C)(3), as the trial court had, in effect, granted a new trial.

We are cognizant of the language used by the trial court in its order denying Jason's Change of Judge Motion:

> This matter is presently on remand from the Indiana Court of Appeals pursuant to their opinion dated February 27, 2006. *This Court, having heard the evidence should resolve the issues as directed by the Court of Appeals. The Court further finds that [Laura's] Motion for Submission of Additional and Supplemental Evidence, which was granted by Order dated March 7, 2006, involves issues ancillary to those heard on July 19, 2005.*

*Id.* at 38 (emphasis added). To the extent that the trial court intended for this order to be a statement that it was not granting a new trial, but merely planning to adjust its earlier ruling, we are not persuaded. In its order granting Laura's Motion for Submission of Additional and Supplemental Evidence, the trial court restated and impliedly adopted Laura's assertion that additional and supplemental evidence was "beneficial and necessary" in order for the court "to make a reasoned decision to the 'best interests' of the child." *Id.* at 34–35. By setting a new hearing and allowing new evidence, the trial court was granting a new trial on Jason's petition to modify custody.

Our conclusion that the trial court granted a "new trial" within the meaning of Trial Rule 76(C)(3) is in line with the view

of the Indiana Supreme Court. In *Hahn*, an appeal was taken from a judgment entered in a dissolution of marriage suit. The Indiana Court of Appeals held, in part, "Judgment reversed as to the division of the marital estate and cause remanded for further proceedings thereon." *Hahn*, 571 N.E.2d at 541. In a 3–2 decision, the majority held, "While the remand order of the Court of Appeals did not employ the words 'new trial,' it nevertheless requires one upon the issue of the division of marital property." *Id.* Writing in dissent, Justice Dickson, joined by Chief Justice Shepard, opined that "[t]he partial reversal of judgment by the Court of Appeals did not require or contemplate a new trial" because it did "not necessitate further hearing and receipt of evidence[.]" *Id.* at 542 (Dickson, J., dissenting). Despite the division, all five justices apparently agreed that further hearing and receipt of evidence constitutes a new trial for purposes of Trial Rule 76(C)(3). Here, the trial court determined that our remand of this case necessitated further hearing and receipt of evidence, i.e., a new trial on the issue of custody of B.G.

Likewise, our conclusion is consistent with our Supreme Court's 2007 amendment to Trial Rule 76(C)(3). The rule now authorizes a change of judge "if the trial court or a court on appeal orders a new trial, *or if a court on appeal otherwise remands a case such that a further hearing and receipt of evidence are required to reconsider all or some of the issues heard during the earlier trial*[.]" Ind. Trial Rule 76(C)(3) (2007) (emphasis added). Here, the trial court determined that this Court remanded the case "such that a further hearing and receipt of evidence are required to reconsider all or some of the issues heard during the earlier trial." In such cases, the amended version of Trial Rule 76(C)(3) authorizes a change of judge.

We acknowledge that our resolution of this case will extend this nearly-two-year-long custody fight, but Trial Rule 76(C)(3) establishes Jason's right to a change of judge. When the trial court granted a new trial, it should have granted Jason's motion for change of judge. Because it did not, we remand this cause to the trial court for the selection of a new judge and a new trial on Jason's petition to modify custody of B.G.

Reversed and remanded with instructions.

SULLIVAN, J., and ROBB, J., concur.