Homer BARGER, Appellant–Respondent,

v.

Tammy BARGER, Appellee–Petitioner.

No. 22A05–0712–CV–709.

Court of Appeals of Indiana.

June 5, 2008.

Bart M. Betteau, Betteau Law Office, LLC, New Albany, IN, Attorney for Appellant.

## OPINION

DARDEN, Judge.

*STATEMENT OF THE CASE*

Homer M. Barger, Jr., ("Husband") appeals from the trial court's issuance of a protective order against him and for the protection of Tammy Sue Barger ("Wife"). We reverse.

*ISSUE*

Whether the trial court's grant of the protective order was proper.

*FACTS*

On October 23, 2007, Wife filed a petition for a protective order, as well as a request for a hearing, against Husband. In her petition, Wife alleged that Husband had threatened to kill her. Wife asked the trial court to prohibit Husband from "committing, or threatening to commit, acts of domestic or family violence, stalking, or sex offenses against [her]"; "harassing, annoying, telephoning, contacting, or directly or indirectly communicating with [her]"; and further, asked the trial court to exclude Husband from the parties' residence located at 1713 Highwater Road in New Albany in Floyd County. (Husband's

App. 3, 4). In response, the trial court issued an *ex parte* order for protection pursuant to Indiana Code section 34-26-5-9(b), and scheduled a hearing for November 2, 2007.

Husband, in person and by counsel, and Wife, *pro se,* attended the subsequent hearing on November 2, 2007. The trial court placed Wife under oath and asked her to testify about the basis of her claim. Wife testified that on October 22, 2007, she received a telephone call from a Floyd County sheriff's deputy. The deputy instructed Wife not to return to the 1713 Highwater Road residence because Husband, in the presence of his employer and/or coworkers at George Pfau Company,[1] had resigned from his job and stated as the reason that he was "going home to kill the f\*\*\*ing bi\*ch," referring to Wife. (Husband's App. 19). Husband's employer and/or coworkers notified the Clark County Sheriff's Department of Husband's alleged threat. The Clark County Sheriff's Department then alerted the Floyd County Sheriff's Department of the threat, and the Floyd County Sheriff's Department contacted Wife. Wife did not subpoena Husband's employer and/or coworkers or any police officers to testify on her behalf.

Throughout Wife's testimony, counsel for Husband objected repeatedly,[2] arguing that Wife's testimony contained multiple hearsay. The trial court overruled counsel's objections. Subsequently, Husband's counsel moved orally for a directed verdict or judgment on the evidence arguing that Wife had presented no competent evidence. Counsel also moved to strike Wife's testimony. The trial court took counsel's motions under advisement, keeping its *ex parte* protective order in place

---

1. The George Pfau Company is located in Jeffersonville, Indiana in Clark County.

2. The trial court eventually granted Husband's counsel a continuing objection as to hearsay statements. (Tr. 11).

pending the issuance of its decision within thirty days. Husband's counsel objected to the thirty-day period and notified the trial court that counsel would "file an original action with the Supreme Court." Tr. 19.

On November 20, 2007, the trial court issued its Order Ruling on Objection to and Motion to Strike Evidence, Motion for Directed Verdict/Judgment on the Evidence and on Protective Order Hearing. In its Order, the trial court found,

1. That the totality of the circumstances involved in the statement that [Husband] made at his place of employment demonstrates that his statement as to why he was quitting his job was an excited utterance and, as such, is an exception to the hearsay rule and thus admitted into evidence.

2. That, accordingly, [Husband]'s objection to the evidence as to this statement that [he] made at work to the effect that his reason for quitting his job being [sic] to 'go home and kill the f***ing bi*ch' should be and hereby is overruled.

3. That the Respondent's Motion for direct[ed] verdict/judgment on the evidence should be and hereby is denied.

(Husband's App. 20). The trial court then granted Wife an order of protection for two years, as well as exclusive temporary possession of the 1713 Highwater Road residence during the effective period of the protective order. In its order for protection issued on November 21, 2007, the trial

court stated, in relevant part, the following findings:

\* \* \*

f. [Husband] represents a credible threat to the safety of [Wife]. . . .

g. [Wife] has shown, by a preponderance of the evidence, that domestic or family violence has occurred sufficient to justify the issuance of this Order.

(Husband's App. 24). This appeal ensued.

### DECISION

■ We initially note that Wife has failed to file an appellee's brief.[3] In such a situation, we will not undertake the burden of developing arguments for her. *Cox v. Cantrell,* 866 N.E.2d 798, 810 (Ind.Ct.App. 2007). We apply a less stringent standard of review, and we may reverse the trial court's decision if the appellant can establish *prima facie* error. *Id. Prima facie* means "at first sight, on first appearance, or on the face of it." *Id.*

■ Husband argues that the trial court abused its discretion when it permitted Wife to introduce a statement involving multiple hearsay. Specifically, he challenges the trial court's finding that Husband's alleged threat, communicated to his employer and/or coworkers, and the remaining statements made, first, between the respective sheriffs' departments, and then, to Wife, are admissible under any exceptions to the hearsay rule. Husband's

---

3. The Clerk's docket indicates that on December 17, 2007, Wife, by counsel, filed a motion to dismiss the protective order, wherein she asked that the protective order be withdrawn because she and Husband were trying to reconcile. Wife's motion was subsequently denied in our order dated January 28, 2008. In our order, we also instructed Wife that her appellee's brief was due within thirty days of our order. Wife did not comply. Thus, pursuant to Indiana Appellate Rule 45(D), we note that "[t]he appellee's failure to file timely the appellee's brief may result in reversal of the trial court . . . on the appellant's showing of *prima facie* error."

Br. at. 3. We address only this issue as we find it to be dispositive.

The decision to admit or exclude evidence falls within the sound discretion of the trial court, and we review that decision only for abuse of discretion. *Gayden v. State*, 863 N.E.2d 1193, 1195 (Ind.Ct.App. 2007). We will not reverse the trial court's decision unless it represents a manifest abuse of discretion that results in the denial of a fair trial. *Agilera v. State*, 862 N.E.2d 298, 302 (Ind.Ct.App.2007). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id.*

" 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801(c). Hearsay is generally not admissible unless it falls within one of the hearsay exceptions. Ind. Evidence Rule 802. As we have recognized:

> *The hearsay exceptions reflect the concern that hearsay evidence be admitted only when the proponent can demonstrate that the evidence bears the necessary indicia of reliability.* Absent such a demonstration, the hearsay rule and its underlying principles demand that the evidence be excluded.

*Ground v. State*, 702 N.E.2d 728, 731–32 (Ind.Ct.App.1998) (emphasis added).

Husband correctly asserts that Wife's testimony contained multiple or double hearsay. "Double hearsay" is "a hearsay statement that contains further hearsay statements within it, none of which is admissible unless exceptions to the rule against hearsay can be applied to each level." Black's Law Dictionary 739 (8th ed.1999). Indiana Evidence Rule 805 states that hearsay within hearsay "is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule...."

Wife's double hearsay-laden testimony at the hearing did not bear sufficient indicia of reliability to warrant its admission into evidence. Thus, there is considerable reason to question the reliability of her statements. First, Wife failed to subpoena Husband's employer and/or coworkers to substantiate Husband's threat, allegedly made in their presence. She also failed to subpoena the Clark and Floyd County Sheriff's deputies who received word of Husband's alleged threat and, ultimately, communicated it to Wife.

The absence of corroborating witnesses is further compounded by Wife's refusal to testify to any alleged acts of violence toward her by Husband. Instead, Wife made vague and noncommittal references to Husband's conduct. For example, while testifying as to Husband's alleged threat to her life, Wife testified, "This ain't [sic] something new that's been happening. It's been happening for years." (Tr. 14). Also, when the trial court asked Wife to discuss "any incidents of violence by [Husband] against [her]," she responded, "There's no sense of going through the last three years. He knows that I know what's happened over the last three years." (Tr. 15). The trial court responded, "I don't know anything Ma'am," and prompted Wife to clarify her statement, but Wife was non-responsive.

We must also address the significant ramifications of an improperly granted protective order. For example, at the state level, violation of the trial court's protective order is "punishable by confinement in jail, prison, and/or a fine." I.C. § 34–26–5–3. Furthermore, after the trial court has issued a protective order, it is a federal offense for a respondent to purchase, receive, or possess a firearm if the protected person is his current or former

spouse; a current or former significant other; or a person with whom the respondent has a child. 18 U.S.C. § 922(g). Thus, an improperly granted protective order may pose a considerable threat to the respondent's liberty.

Based upon the foregoing, Husband has proven *prima facie* error. The trial court erred when it granted Wife's petition for an order of protection after finding that Wife's double hearsay-laden statements were admissible hearsay. Given the dearth of corroborating witness testimony and Wife's evasiveness, we find that the record simply does not support a finding that Husband threatened to kill Wife. Thus, we must reverse the trial court's order granting the order of protection, and find that it committed an abuse of discretion in so doing.

Reversed.

NAJAM, J., and BROWN, J., concur.