**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JAMES R. RECKER**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| NICOLETTE DEAL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 71A04-1204-DR-178 |
| | ) | |
| TYCE DEAL, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable Margot F. Reagan, Judge
Cause No. 71D04-0902-DR-76

**October 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF THE CASE

Nicolette Deal ("Mother") appeals the trial court's denial of her motion objecting to the jurisdiction of the trial court.

We affirm.

## ISSUE

Whether the trial court abused its discretion in denying Mother's objection to its exercise of jurisdiction to decide an issue remanded by this court to the trial court prior to transfer of the case to a special judge.[1]

## FACTS AND PROCEDURAL HISTORY

This case commenced when Tyce Deal ("Father") filed with the St. Joseph Circuit Court a petition to dissolve his marriage to Mother and to obtain custody of their minor child, A.D. After hearings on the motion, St. Joseph Circuit Court Judge Margot Reagan dissolved the marriage; awarded joint custody of A.D., with Father to have physical custody; granted part of Mother's request for rehabilitative maintenance; and divided the marital estate, including Father's pension. On November 14, 2010, Mother timely filed a notice of appeal.

This court issued a memorandum opinion affirming Judge Reagan's decision on all issues except the division of the marital estate. *See N.D. v. T.D.*, No. 71A03-1011 DR-648 (Ind. Ct. App. August 17, 2011). Specifically, we determined that Judge Reagan failed to make sufficient findings to show how Father's pension was paid to Mother. Slip Op. at 7. In

---

[1] We observe that Father did not file an appellee's brief. Failure to file an appellee's brief may result in reversal of the trial court on the appellant's showing of *prima facie* error. *See Barger v. Barger*, 887 N.E.2d 990, 992 n.3 (Ind. Ct. App. 2008).

doing so, we referred to a list of expenses presented at trial, and denominated as Exhibit 10, which may or may not have supported Judge Reagan's treatment of Father's pension, i.e, the amount of the pension owed to Mother was offset by certain expenses paid by Father. *Id*. We remanded to Judge Reagan for "further consideration and findings on this issue . . . ." Slip Op. at 8. We stated that "the trial court may, but need not, hold a new hearing on remand." *Id*.

On August 17, 2011, before Judge Reagan scheduled any hearing or took any action on the remanded pension issue, Mother filed a motion for change of judge pursuant to Indiana Rule of Trial Procedure 76(C)(3), which provides for a change of judge if "a court on appeal orders a new trial, or if a court on appeal otherwise remands a case such that a further hearing and receipt of evidence are required to reconsider all or some of the issues heard during the earlier trial . . . ."

On August 22, 2011, Father filed motions to modify child support and transportation, while Mother filed a motion to compel discovery. Judge Reagan scheduled a hearing pertaining to these motions.

On August 23, 2011, Judge Reagan granted the motion for change of judge and submitted a three-judge panel to the parties pursuant to Trial Rule 79(C). On September 7, 2011, after the parties had struck two of the judges from the panel, Judge Reagan appointed the remaining judge, the Honorable Michael Scopelitis, as the special judge in the case. Judge Scopelitis accepted the appointment on September 12, 2011.

Judge Scopelitis ruled on the two post-decree motions and asked for briefs on the remanded pension issue. After receipt of the briefs, Judge Scopelitis sua sponte entered a February 8, 2012 order stating the following:

> (1) This issue is not subject to a motion for change of judge pursuant to Indiana Trial Rule 76(C)(3). This case is, however, subject to a motion for change of judge pursuant to Indiana Trial Rule 76(B) for purposes of hearing post-decree petitions to modify that decree. In fact, this court has accepted jurisdiction over two such filings by ruling on the same: Father's Motion to Modify Child Support Transportation for Parenting Time and Mother's Motion to Compel Third Party to Comply with Discovery Requests.
>
> (2) The Court of Appeals did not affirm or reverse the trial court on the pension issue. Instead, it remanded for the trial court to ". . . make clear which, if any, substantial payments by father toward marital expenses during the provisional period . . . it intended to treat as equivalent to mother's receipt of her portion of the Pension." In other words, the Court of Appeals has instructed the trial court to explain, ". . . which expenses the trial court credited towards mother's share of the pension and on which basis." Accordingly, the Court of Appeals remanded ". . . to the trial court for further consideration and findings on this issue, . . . The trial court may, *but need not*, hold a new hearing on remand." Trial Rule 76 calls for a change of judge if a court on appeal remands a case such that a further hearing and receipt of evidence *are required* to reconsider all or some of the issues heard during the earlier trial. That is not the case with this remand.
>
> (3) The remand in this case does not represent a new or different issue presented by either party or the Court of Appeals for which a change of judge would be appropriate. Instead, the remand requests the trial judge who entered the order to express in writing what she was thinking regarding her treatment of Father's pension and [to] do so in the form of additional findings consistent with the Court of Appeal's decision. In this case, no further hearing or further evidence is required.

(App. 23-24) (emphasis in original).

Judge Scopelitis entered the following conclusions:

(1) That the issue to be addressed by the trial court under the direction of the

4

Indiana Court of Appeals decision entered August 17, 2011 is referred back to The Honorable Margot Reagan for all further proceedings.

(2) All other post-judgment issues raised by either party have been transferred to this judge despite the rather limited language of mother's motion for change of judge filed August 17, 2011 and the court's order granting said motion entered August 23, 2011 due to the fact that this judge has already accepted jurisdiction by ruling upon at least two (2) post-decree motions filed by the parties.

(App. 24).

On February 12, 2012, Mother filed a motion to reconsider. In her motion, among other things, Mother stated the following:

1. That counsel concurs that the remand from the Indiana Court of Appeals specifically states that the Court need not hold a hearing to determine any substantial payments made by Father toward marital expenses. This is a division of marital assets issue;

2. While the Court of Appeals remand specifically stated that a new hearing was not necessary, nevertheless, it is required where the issue is division of marital property. *Green v. Green*, 863 N.E.2d 473 (Ind. Ct. App. 2007); citing to, *State ex rel. Hahn v. Howard Circuit Court*, 571 N.E.2d 540, 541 (Ind. 1991).

3. Moreover, the transfer court did hold a partial hearing to the extent of being [apprised] of the issue on this and other matters [on] October 7, 2011 and then ordered, predicated upon counsel's motion, that opposing counsel submit findings of fact and conclusions of law on the issue of the pension, which they did;

(App. 25-26).

Judge Scopelitis denied the motion to reconsider and transferred the case to Judge Reagan for resolution of the pension issue. In order to reacquaint herself with the issue, Judge Reagan scheduled a hearing in which the parties' attorneys could argue about the

5

contents of Exhibit 10 as it applied to payment of the pension to Mother.

Prior to the hearing, Mother filed an "Objection to Hearing for Lack of Jurisdiction."

(App. 28). In pertinent part, the motion stated the following:

> 3. That Respondent Mother timely filed a change of judge [predicated] upon [the remand from the Court of Appeals];
>
> * * * * *
>
> 7. Judge Scopelitis subsequently transferred the matter back to the trial court [on] February 8, 2012, finding that since the Court of Appeals specifically did not require a new hearing that the matter of the pension remained in the original trial court;
>
> * * * * *
>
> 11. The Court has now set a hearing for March 19, 2012;
>
> 12. It is axiomatic that if the court is holding a hearing on this matter that a hearing is required; either pursuant to case law or because the court intends to take evidence, and a change of judge is required.

(App. 29).

Judge Reagan denied the motion and held a hearing on the pension issue as it relates to Exhibit 10 of the original dissolution hearing.[2] At the hearing, the attorneys explained their interpretations of Exhibit 10 but presented no evidence. Afterwards, Judge Reagan issued an order setting forth the reasons why "[Father's] payments of [Mother's] personal expenses during the pending dissolution which were not required in the parties' own agreement . . . should be set over to [Father] to reimburse him by cancelling [Mother's]

---

[2] The court's Chronological Case Summary states, "On Court's own motion, cause is set for hearing . . . to argue Court of Appeals remand." (App. 9).

potential one-half share of [Father's] pension." (App. 32-33). Mother now appeals the denial of her motion attacking jurisdiction.[3]

## DECISION

Mother contends that Judge Reagan abused her discretion in denying Mother's objection to Judge Reagan's exercise of jurisdiction over the remanded pension issue. In short, Mother argues that "[t]he initial grant of the change of judge pursuant to T.R. 76(C)(3) . . . was properly made." Mother's Br. at 4.

A ruling on a motion for change of judge rests within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of that discretion. *Wolfe v. Wolfe*, 793 N.E.2d 1164, 1166 (Ind. Ct. App. 2003), *trans. denied.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or when the court has misinterpreted the law. *Lake Holiday Conservancy v. Davison*, 808 N.E.2d 119, 121 (Ind. Ct. App. 2004).

A party may obtain a change of judge under Trial Rule 76(C)(3) only if an appellate court remands a case "such that a further hearing *and* receipt of evidence are required to reconsider all or some of the issues heard during the earlier trial . . . ." *See also Hahn v. Howard Circuit Court*, 571 N.E.2d 540 (Ind. 1991). Here, at the time that Mother filed her change of judge motion and Judge Reagan granted the motion, no hearing was scheduled and no receipt of additional evidence was contemplated. Accordingly, there was no basis for

---

[3] Mother does not challenge the merits of Judge Reagan's final order.

transfer pursuant to Trial Rule 76(C)(3).[4]

However, Trial Rule 76(B) provides that after a final decree is entered in a dissolution of marriage case, a party may take one automatic change of judge pertaining to petitions to modify that decree. Other post-dissolution issues were pending in Judge Reagan's court, and, as Judge Scopelitis concluded, a change of judge was appropriate under Trial Rule 76(B).

When a motion for change of judge is premised upon Trial Rule 76(B), the motion is prospective. *Woodward v. Norton*, 939 N.E.2d 657, 662 (Ind. Ct. App. 2010). In other words, the right to the change of judge "is derived from the newly-filed [motion] and does not relate back to pending matters." *Id.* (citing *In re Marriage of Turner*, 785 N.E.2d 259, 262 (Ind. Ct. App. 2003)). Because the remanded pension issue was pending before Judge Reagan at the time Mother filed her petition to change judge, Judge Reagan had jurisdiction to decide the issue.

Mother argued below and on appeal that Judge Reagan's scheduling of a hearing after the remanded pension issue was transferred back to her by Judge Scopelitis is proof that a change of judge under Trial Rule 76(C)(3) was warranted. Our review of the transcript

---

[4] Mother argued in her motion to reconsider that a new hearing (presumably an evidentiary hearing) is always necessary when the trial court is considering a division of marital property issue. (App. 25). This argument is apparently based on the *Green* court's parenthetical summary of *Hahn*. *See Green*, 863 N.E.2d at 476. There, the parenthetical summary stated that "[w]hile the remand order . . . did not employ the words 'new trial,' it nevertheless requires one upon the issue of the division of marital property." *Id*. In *Hahn*, however, our supreme court referred to a "new trial" under a provision formerly denominated as Trial Rule 76(5) and noted that the precise issues remanded would necessitate a new trial upon "issues of fact." 571 N.E.2d at 541. Here, the remand order necessitates the review of an exhibit entered into evidence at the dissolution hearing. An explanation on remand of how the already admitted evidence impacts the pension issue is required; an evidentiary hearing is not.

discloses, however, that the "hearing" was a discussion among Judge Reagan and the attorneys to reacquaint the judge with the contents of Exhibit 10. There was no admission of evidence at the hearing, and both sides were afforded sufficient opportunity to make their arguments.[5]

While it would have been a better practice for Judge Reagan to advise Mother of retention of the remanded pension issue at the time of the transfer to Judge Scopelitis and to have specifically informed Mother that transfer to Judge Scopelitis was based on Trial Rule 76(B), we cannot say that Judge Reagan divested jurisdiction to decide the remanded pension issue to Judge Scopelitis. Accordingly, Judge Reagan did not abuse her discretion in denying Mother's motion outlining her objection to the exercise of jurisdiction.

Affirmed.

FRIEDLANDER, J. and BROWN, J. concur.

---

[5] In her objection, Mother emphasized the term "hearing" without acknowledging that Trial Rule 76(C)(3) refers to both a further hearing *and* receipt of evidence. Mother's allegation that evidence was submitted at the "hearing" before Judge Reagan is not supported by the transcript of the proceeding.