## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 26 2020, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

G. Allen Lidy
Lidy Law, PC
Mooresville, Indiana

### IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Raj Kumar Lall, <br> *Appellant-Respondent,* <br><br> v. <br><br> K.M., <br> *Appellee-Petitioner.* | March 26, 2020 <br><br> Court of Appeals Case No. 19A-PO-1812 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable William J. Hughes, Judge <br><br> Trial Court Cause No. 29D03-1905-PO-4888 |

**Kirsch, Judge.**

[1]     Raj Kumar Lall ("Lall") appeals the trial court's entry of a protective order issued against him and in favor of K.M.  He raises the following restated issue

on appeal: whether K.M. presented sufficient evidence to support the trial court's issuance of a protective order against Lall.

We vacate and remand with instructions.

## Facts and Procedural History

On May 23, 2019, K.M. filed a petition for an order for protection. *Appellant's Conf. App. Vol. 2* at 5-11. The trial court granted an ex parte order on May 24, 2019. *Id*. at 12-14. Lall requested an evidentiary hearing, and, on July 12, 2019, the trial court held a hearing in this matter. *Id*. at 15-16. On July 12, 2019, the trial court issued a permanent order of protection. The entirety of that order states:

> FINDINGS
>
> This matter having been heard by the Court on 7/12/2019 pursuant to Indiana Code [section] 34-26-5-10. The Court now makes the following Findings:
>
> a. Raj Kumar Lall filed a timely Request for Hearing pursuant to Indiana Code [section] 34-26-5-10(a); and/or,
>
> b. The Court is required to hold a hearing pursuant to Indiana Code [section] 34-26-5-10(b).
>
> c. The Petitioner was present at the hearing and the Respondent was present.

d. This order does not protect an intimate partner or child.

e The Respondent had notice and an opportunity to be heard.

f. The Respondent represents a credible threat to the safety of the Petitioner or a member of the Petitioner's household.

g. The Petitioner has shown by a preponderance of the evidence, that stalking has occurred sufficient to justify the issuance of this Order.

h. The Respondent does not agree to the issuance of the Order for Protection.

i. The following relief is necessary to bring about a cessation of the violence or the threat of violence.

ORDER

Section 1 - General Provisions

1. The Respondent is hereby enjoined from threatening to commit or committing acts of stalking against the Petitioner and the following designated family or household members, if any: [R.C.]; [A.M.]

2. The Respondent is prohibited from harassing, annoying, telephoning, contacting, or directly or indirectly communicating with the Petitioner.

3. . . .

4. The Respondent is ordered to stay away from the residence of the Petitioner.

*Id*. at 18-20.  Lall now appeals.

## Discussion and Decision

[4] We begin by noting that K.M. has not filed an appellee's brief.  When an appellee fails to file a brief, we need not undertake the burden of developing an argument on the appellee's behalf.  *C.V. v. C.R.*, 64 N.E.3d 850, 852 (Ind. Ct. App. 2016).  Instead, applying a less stringent standard of review, we may reverse the trial court's judgment if the appellant can prove a case of *prima facie* error.  *Id.*  "*Prima facie* error in this context is defined as, 'at first sight, on first appearance, or on the face of it.'"  *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006) (quoting *Santana v. Santana,* 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)).

[5] Lall contends that there was insufficient evidence to support the issuance of the protective order against him and in favor of K.M.  He asserts that the three "incidents" referenced in K.M.'s petition for order of protection were not supported by the evidence at trial.  Lall further argues that Exhibits 1 and 8, which were admitted by K.M. at the hearing, contain only a single communication from Lall to K.M., made at the same time in 2018, and the

communication was not sufficient evidence of stalking. Lastly, he maintains that K.M.'s testimony at the hearing did not prove stalking, and his testimony at the hearing refuted K.M.'s claim of stalking.

[6]     The Indiana Civil Protection Order Act was designed to promote protection and safety for all victims of domestic or family violence and victims of harassment in a fair, prompt, and effective manner and to prevent future domestic and family violence and harassment. Ind. Code § 34-26-5-1. "Protective orders are similar to injunctions, and therefore in granting an order the trial court must *sua sponte* make special findings of fact and conclusions thereon." *Fox v. Bonam*, 45 N.E.3d 794, 798 (Ind. Ct. App. 2015) (citing *Hanauer v. Hanauer*, 981 N.E.2d 147, 148 (Ind. Ct. App. 2013)). Similarly, Indiana Rule of Trial Procedure 52(A) states, "[t]he court shall make special findings of fact without request (1) in granting or refusing preliminary injunctions . . . ." We apply a two-tiered standard of review: we first determine whether the evidence supports the findings, and then we determine whether the findings support the order. *Fox*, 45 N.E.3d at 798. In deference to the trial court's proximity to the issues, we disturb the order only where there is no evidence supporting the findings or the findings fail to support the order. *Koch Dev. Corp. v. Koch*, 996 N.E.2d 358, 369 (Ind. Ct. App. 2013), *trans. denied*. We do not reweigh evidence or reassess witness credibility, and we consider only the evidence favorable to the trial court's order. *Id*.

[7]    This court has noted the "'significant ramifications of an improperly granted protective order.'" *J.K. v. T.C.,* 25 N.E.3d 179, 181 (Ind. Ct. App. 2015) (quoting *Barger v. Barger,* 887 N.E.2d 990, 993 (Ind. Ct. App. 2008)). "For example, at the state level, violation of the trial court's protective order is 'punishable by confinement in jail, prison, and/or a fine.' [Ind. Code] § 34-26-5-3. . . . Thus, an improperly granted protective order may pose a considerable threat to the respondent's liberty." *Id.*

[8]    In order for a trial court to issue a protective order, the petitioner must prove by a preponderance of the evidence that stalking has occurred. *C.V.*, 64 N.E.3d at 853; Ind. Code § 34-26-5-2(a)(2) (allowing a petitioner to file a petition for a protective order against a "person who has committed stalking"). Indiana law defines "stalking" as "'a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened *and* that actually causes the victim to feel terrorized, frightened, intimidated, or threatened.'" *Maurer v. Cobb-Maurer,* 994 N.E.2d 753, 757 (Ind. Ct. App. 2013) (quoting Ind. Code § 35-45-10-1) (emphasis added).

[9]    Here, the trial court did not issue its own specific findings based on the evidence presented during the contested hearing. *Appellant's Conf. App. Vol. 2* at 18-20. The order contained no findings as to how the evidence presented supported that there was "'a knowing or an intentional course of conduct involving

repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened *and* that actually causes the victim to feel terrorized, frightened, intimidated, or threatened.'" *See Maurer,* 994 N.E.2d at 757. Instead, it merely quoted the sparse findings from the earlier temporary, ex parte order of protection, which stated:

> a. The Petitioner has shown, by a preponderance of the evidence, that stalking has occurred sufficient to justify the issuance of this Order.
>
> b. This order does not protect an intimate partner or child.
>
> c. The Respondent represents a credible threat to the safety of the Petitioner or a member of the Petitioner's household.
>
> d. The following relief is necessary to bring about a cessation of the violence or the threat of violence.

*Appellant's Conf. App. Vol. 2* at 13. As such, we conclude the trial court's July 12, 2019 order does not comply with the requirements of Indiana Rule of Trial Procedure 52(A) or Indiana case law. We, therefore, vacate the order and remand this matter with instructions for the trial court to issue findings of fact and conclusions thereon consistent with that authority.

[10] Vacated and remanded with instructions.

Bailey, J., and Mathias, J. concur.